CASE 33—PETITION ORDINARY—JANUARY 21.

## Clinkinbeard vs. Clinkinbeard.

APPEAL FROM BOURBON CIRCUIT COURT.

The power of the county court to appoint and remove guardians and curators of minors, who are free persons of color, cannot be questioned under the statute concerning guardians and wards.

Clinkinbeard vs. Clinkinbeard.

The guardian of two free children of color hired them out, deeming it best for the interest of the wards. The mother, a free woman of color, sued the guardian for the proceeds of their hire. *Held*—that she could not recover.

If the hiring out of the wards by the guardian be a breach of his trust, or a violation of the rights of the wards, a court of equity would, in a case properly made out, have power to grant appropriate relief, by requiring a settlement of the accounts of the guardian, or by removing him for such breach of trust, and by taking control of the wards and the management and preservation of their estate.

ALEXANDER & HANSON, for appellant, cited 11 *B. Mon.*, 62.

J. A. PRALL, for appellee, cited 3 *Mon.*, 101; 15 *Mass. Rep.*, 274; 1 *Parsons on Contracts*, 257.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The plaintiff alleges in her petition that she is a free woman of color, and the mother of two male children; that the defendant took the children from her possession and control, without her consent, and has ever since hired them to divers persons, and has received for their service and labor the sum of $220, to which sum she claims to be entitled.

The defendant answered, alleging that he had been regularly appointed by the Bourbon county court guardian of the two children of the plaintiff, and that, as such, he had hired them to divers persons, since his appointment, deeming it best for the interest of the wards; he therefore denies the plaintiff's right to the proceeds of their hire.

Whether this answer presented a valid defense to the action is the only question to be decided.

The power of the county courts to appoint and remove guardians and curators of minors, who are free persons of color, is not, and indeed cannot, be questioned under the statutes concerning guardians and wards. (1 *Rev. Statutes*, 574.)

By the *sixth section* the court is directed to pay proper attention to the order of precedence therein prescribed, in the appointment of guardians, the father or testamentary guardian of his appointing, being first entitled, and the mother, if unmarried. This order is not to be departed from, unless the court deems that prudence and the interest of the infant so require.

And by *section* 7 of *article* 2, (*page* 578,) it is provided that "a guardian shall have the custody of his ward, and the possession, care, and management of his ward's estate, real and personal, and out of the estate shall provide for the necessary and proper maintenance and education of the ward." The modification of this provision, to be found in the next succeeding section, is not material to the present case.

The propriety of the order of the county court, appointing the defendant guardian of the two children of the plaintiff, is not called in question by the latter, and she must be deemed to have waived not only her right of precedence in the order of appointment, but also of the right to have the custody, nurture, and education of the children. Having been lawfully divested of this right she is of course exonerated from the correlative obligation to support and maintain them. The right and the obligation go together, and both belong to the guardian, and it clearly results that the plaintiff was properly denied any relief, upon the facts appearing in the pleadings.

In the case of *Graham vs. Kinder*, (11 *B. Mon.*, 62,) it is said, that regarding the two boys (the proceeds of whose hire were in contest,) in the light either of apprentices or wards, he—the master or guardian—had no right to hire them out, or transfer their services to other persons, and that in such cases a court of chancery would have jurisdiction to hear the complaint of the wards, and to afford them relief.

So here, if it be admitted that the hiring out of the two wards by their guardian was a breach of his trust, or a violation of the rights of the wards, a court of equity would, in a case properly made out, have power to grant the appropriate relief, by requiring a settlement of the accounts of the guardian, or by removing him for such breach of trust, and by taking control of the wards, and the management and preservation of their estate. This power is expressly conferred by the statute before referred to. (*Section* 14, *page* 579.)

Whether the mere hiring out of the wards, in the manner and for the purposes stated in the answer, was such a breach of trust as would authorize the interposition of a court of equity, is a question which it would be improper now to decide.

We are of opinion that the court below properly deemed the facts stated in the answer to be sufficient to defeat the claim set up by the plaintiff, and the judgment is therefore affirmed.