# DUSTIN & MUSICK

*v.*

## SAMUEL P. HODGEN.

1. DEPOSIT—*of the money of one to the credit of another—who liable for its safe-keeping.* If a party deposits his own money in bank to the credit of another, the latter consenting that the deposit should be made in his name simply as an accommodation to the former, and having no control over it other than to draw it out when the depositor should direct, the party in whose name the deposit was made can not be made liable for its safe-keeping. So in case of a failure of the bank after the deposit was made, the depositor, who owned the money, must bear the loss.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action of assumpsit commenced in the Circuit Court of Logan county by Samuel P. Hodgen against William M. Dustin and George Musick. The cause was removed into the Circuit Court of McLean county, on change of venue, where a trial was had, resulting in a verdict and judgment for the plaintiff. The defendants thereupon sued out this writ of error.

The opinion of the court contains a sufficient statement of the case to present the ground upon which it is decided.

Mr. R. E. WILLIAMS, for the plaintiffs in error.

Messrs. Moore and Green, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

In April, 1861, Dustin & Musick, the plaintiffs in error, were bankers in the town of Lincoln, in this State. Hodgen, the defendant in error, but plaintiff below, also a resident of Lincoln, had a large quantity of corn in Chicago. An arrangement was made between these parties, by which, upon the sale of the corn the money derived therefrom was to be deposited in Chicago with the banking house of Hoffman and Gelpcke, and in the name and to the credit of Dustin & Musick. This was done. Hoffman & Gelpcke soon after failed, with the money in their hands, and thereupon Hodgen brought this suit against Dustin & Musick, to make them responsible for the amount deposited to their credit by Hodgen's commission merchants. The question is, which of these parties shall bear this loss.

We do not propose to comment on the evidence, as the case must go before a jury for another trial. We reverse the judgment, because of the refusal of the Circuit Court to give the seventh instruction, which was as follows:

7th. The court instructs the jury that although they believe from the evidence that Hodgen did deposit money to the credit of defendants at Chicago with the consent of defendants, yet if they also believe from the evidence that after said deposits were made, both plaintiff and defendants treated them as the money of Hodgen, and that the consent to make such deposits was given for the accommodation of Hodgen, and that Hodgen told the defendants at the time said deposits were being made, or after they were made, that they were not liable therefor, the jury will find for the Defendants.

No other instruction was given which would supply the place of this, and we see no reason why this should not have been given. It was very material, and related to one of the doubtful points of the case. There can be no question but that it

embodies the law. It told the jury that if they found three things to exist, to-wit, that the parties treated these deposits after they were made, as the money of Hodgen, that the consent to have said deposits made in the name of Dustin & Musick was given for the accommodation of ,Hodgen, and that Hodgen told Dustin and Musick at the time the deposits were made, or afterwards, that they were not liable therefor, they should find for the defendants. The instruction indeed required the jury to believe more than was necessary, in order to find a verdict for the defendants. For if the defendants consented that the deposit should be made in their name simply as an accommodation to Hodgen, they having no control over it other than to draw it out when Hodgen should direct, they clearly could not be made liable for its safe-keeping. If Hodgen simply borrowed the use of their name in which to keep his bank account in Chicago, they deriving no advantage from the arrangement, but simply making it to oblige him, they clearly should not be made to suffer for an act of gratuitous kindness. Whether such was the arrangement, will be for another jury to determine, but if it was, there can be no question as to what should be their verdict.

*Judgment reversed.*