TIMOTHY P. NELSON & wife *vs.* JASPER F. FERDINAND & wife.

The objection that a demurrer to a bill in equity is not accompanied by the certificate required by the Gen. Sts. *c.* 113, § 5, cannot be taken after the case has been reserved on bill and demurrer.

A bill in equity by A. and his wife against B. and his wife alleged that B. promised to convey a lot of land to A.'s wife free from incumbrances ; but that he fraudulently gave her a deed of only part thereof ; that he fraudulently induced the plaintiffs to give his wife a mortgage on the land conveyed ; that also, A. owing B. a certain amount, B. induced the plaintiffs to give his wife a promissory note for more than was due ; that he entered in his wife's name to foreclose the mortgage ; that a suit was brought on the note in the name of an indorsee, but for the benefit of B. ; that judgment was recovered in this suit against the plaintiffs ; and that the equity of redemption of A.'s wife in the land was sold on execution, and was bought by B., who had the deed made to his wife. There were other frauds of B. alleged ; but the prayer was for an account, and that upon payment of the amount found due the defendants might be decreed to execute to A.'s wife a deed of the land free from incumbrances, to discharge the mortgage, and to cancel the note and judgment. There was no allegation of any fraud on the part of B.'s wife. *Held*, on demurrer (1), that the husbands and wives were all properly joined ; (2), that the bill was not multifarious ; (3), that no offer of payment of what should be found due was necessary ; and (4), that the plaintiffs had no adequate remedy at law.

BILL IN EQUITY, filed March 15, 1872, by Timothy P. Nelson and Caroline A. Nelson, his wife, against Jasper F. Ferdinand and Anna Ferdinand, his wife, alleging that Timothy P. Nelson became possessed, by deed of his mother, of certain real estate in

Utica Street in Boston, which was described; that he "is igno-
rant and of a weak understanding, and is so simple and unsus-
pecting that he is liable to be easily imposed upon and unable to
guard against deception and fraud ; that said Caroline is also igno-
rant and unused to business, and consequently is easily deceived
and defrauded ; " that the defendant Jasper F. Ferdinand, "a
shrewd and avaricious person, knowing these facts, sought by de-
ceit and fraud to get the title and possession of the said property
without rendering a fair and just equivalent for the same, and in
pursuance of his said fraudulent purpose sought to ingratiate him-
self with said Timothy and Caroline, and did, by fair and friendly
words, gain their confidence and trust, so that they looked to him
as a friend, and without question accepted his advice and acted
upon it ; that said Jasper bought up certain small grocery bills
outstanding against said Timothy, and pretending to act as at-
torney for their collection, harassed and troubled him, and then
by pretensions of friendliness, by loaning a small sum of money
and by deceit, artifice and undue influence, induced him to take
at $125, a price designated by said Jasper, a lame, sick, and worth-
less horse, and an old sleigh and harness, and for the same and
the said bills and money, amounting in all to $256.05, got them
to sign a note for $281.85, with interest, payable quarterly, at
$7\frac{3}{10}$ per cent. and a mortgage on said real estate to secure the
same, prepared by said Jasper ; that afterwards on January 14,
1870, said Jasper, by fraud, deceit and undue influence caused
said Timothy to take from him an express wagon at $150, a
price fixed by said Jasper and far above its true value, and the
plaintiffs to sign a note for $168.15, dated back to December 8,
1869, bearing interest, payable quarterly, at $7\frac{3}{10}$ per cent., and
a mortgage to secure the same on said real estate ; and when said
Caroline, noticing that the note was for a larger sum than the
price of said wagon, asked the reason of said Jasper, he put her
off, saying it would be all right, he would make it right, they
would want something more of him sometime, and thus quieted
her suspicions and secured her signature."

The bill further alleged "that said Jasper on March 23, by
fraud, artifice, deceit and undue influence, got from the plaintiffs

a deed of said real estate to his wife; that by promising said Timothy, free from incumbrance, one half-acre of land with a dwelling-house in Melrose, by depreciating to him the value of the premises in Boston, by misrepresenting said property in Melrose, to be of as great or greater value, by advising and urging him to move, on account of work and the health of his children, to Melrose, by pressing him for the quarterly interest on said note, which he could not pay, and by harassing and repeatedly importuning him, said Jasper so wrought upon and overpowered the feeble will and judgment of said Timothy that he signed a deed prepared by said Jasper and got his wife, said Caroline, also to sign it; that said Jasper took the plaintiffs to Melrose to see said premises there, and when they asked that a surveyor might survey and set off their half-acre, said Jasper put them off by saying he could survey; that he paced off what he said was half an acre, put down the stakes to denote the boundaries, and did not suffer the plaintiffs to have a surveyor; that said Jasper, by deceit, fraud and undue influence, did prepare and cause the plaintiffs to take, in the name of said Caroline, a false and fraudulent deed of said premises in Melrose, describing as about one half acre more or less land which, by the boundaries given, contained less than 8000 square feet, and had no boundary or exit on any street or public way, and affixing to said deed, in place of a proper legal United States internal revenue stamp, a stamp for two dollars and a half, which had been previously used and cancelled, and was removed and altered by said Jasper; that he did further, by fraud, deceit, and undue influence, obtain from the plaintiffs a mortgage upon said premises in Melrose, for $400, silencing their questions and statements that he promised them they were to have the property free from incumbrance, by saying that it was only formal, to protect him, and of no importance; that they would not be required to pay anything, and that he would afterwards discharge it, and would give them a paper to that effect; and that he did prepare and give them a writing, which he gave them to understand and they then supposed was a promise that said mortgage would at some time be discharged, and that they should not be troubled about it." The mortgage, a copy of which was

attached to the bill, was from Caroline A. Nelson to Anna Ferdinand.

The bill then alleged " that said Jasper, at the time of the transfer by fraud and undue influence, compelled said Timothy to pay him $50 rent for some uninclosed grass land adjoining said premises in Melrose, and for the same and certain claims held by said Jasper, amounting in all to $108.75, said Jasper fraudulently and deceitfully obtained said Timothy's signature to a note for $183 ; that said Jasper, by fraud, deceit and undue influence, took back from said Timothy said express wagon, for which he had obtained a note and mortgage as aforesaid, giving to him two dollars, and an old and almost worthless buggy in place of it, and promising to indorse $48 credit on said note for $183 ; that said Jasper, acting in the name of his wife or as her agent, on November 5, 1870, fraudulently and in violation of his understanding with and promises to the plaintiffs, proceeded to foreclose said mortgage upon said premises in Melrose, and entered for possession thereunder ; that said Jasper on November 11, 1870, commenced suit in the Superior Court of the county of Middlesex on said note for $183 by attachment on said premises in Melrose, and did sue for the whole sum with interest, and did not credit said $48 as he promised, and did not credit $4.50 for two days' work performed for him by said Timothy as he promised, and did declare against said Caroline as a joint promisor with said Timothy, and for the purpose of preventing any defence or plea of set-off, and for other base and fraudulent reasons, did falsely pretend that said note was *bona fide* indorsed for value, and did sue the same in the name of A. L. Harris, a man of straw, it being the fact that said Jasper, in the name of his wife, was the real owner and plaintiff." This note, a copy of which was annexed to the bill, purported to be signed by the plaintiffs, to be payable to the order of the defendant Anna, and to be indorsed by her in blank.

The bill also alleged " that said plaintiffs believe that said Caroline never signed said note sued upon ; that there was no consideration or reason for her signature ; that she has no knowledge of signing it, and believes that if she had signed it know-

ingly she would remember the fact; that she has, since her atten-
tion was first called to the fact, declared to said Jasper and to her
counsel that she did not sign it; that while the signature upon the
note resembles her signature she thinks it is better than she writes
and not her signature; that if the same is her signature it was
obtained fraudulently by Jasper, and without the knowledge of
said Caroline as to the purport of the paper; that at the time of
the service of the writ said Caroline was confined to bed with
child, and unable to defend said suit, and being ignorant of law
and the customs of court, supposed that nothing could be secured
by said suit as she did not sign the note and was not indebted to
Jasper, and they entered no appearance, being too poor to employ
counsel, and said Jasper took judgment against both of them
by default for the full amount of said note and costs; that said
Jasper on the twenty-fifth day of March last caused to be sold,
by virtue of the execution issued under said judgment, at public
auction, the equity of redemption of said Caroline in said prem-
ises in Melrose, and the same was deeded by the sheriff to said
Anna, for and at the request of said Jasper, in satisfaction of
the principal, interest and costs of said fraudulently obtained
execution; that on the twentieth day of May last said Jasper, in
the name of his wife, brought an action of forcible entry and
detainer, before Edward G. Russel, justice of the peace, against
the plaintiffs, to gain possession of said premises in Melrose,
where they appeared by counsel, certain benevolent persons hav-
ing obtained counsel to represent them, and on his motion said
action was dismissed; that on the sixth day of February last,
said Jasper, in the name of his wife, commenced suit in the Mu-
nicipal Court of the city of Boston against said Timothy, seeking
to trustee in the hands of the administrator his interest in the
estate of the late William Pett deceased; that said Jasper and
wife refuse the just and reasonable request of the plaintiffs, that
they will make out and deliver to them a good and sufficient
deed to one half acre of said land in Melrose, properly surveyed
and designated, and free from all incumbrance, or on payment of
such sum as may be just, restore said property in Utica Street
unjustly obtained from the plaintiffs as aforesaid; and continue to

prosecute their said action against and threaten, when the year for redemption from said sale on the execution shall have elapsed, to eject the plaintiffs from said premises in Melrose and take possession of and hold the same for themselves."

The bill continued thus : "And the plaintiffs most respectfully submit that all said fraudulent actings and doings of said defendants, and the claims and rights of the plaintiffs can only be fully and fairly investigated and adjusted in a court of equity, where such cases of fraud are properly cognizable ; and the plaintiffs waive discovery from said Jasper F. Ferdinand and Anna his wife ; and that an account may be taken of what if anything is due to said defendants, and that upon payment thereof said defendants may be decreed to execute and deliver to the plaintiffs a good and sufficient deed to one half acre of said land in Melrose, properly surveyed and staked out, with the said dwelling-house, free and clear of all incumbrance, and discharge said existing mortgage on the premises in Melrose, and cancel said judgment and said note upon which the judgment is founded ; and that the plaintiffs may have such further and other relief in the premises as the nature of the case shall require and to your honors shall seem meet."

The defendants demurred, for the following causes : "1. That it appears by said bill that the same is exhibited by the plaintiffs against these defendants for several distinct matters and causes in which, as appears by said bill, these defendants are in no way together interested or concerned. 2. That no fraud or undue influence is alleged in said bill of or on the part of Anna Ferdinand with Jasper F. Ferdinand. 3. That said bill contains no offer of payment of the amount which is legally and equitably due from the plaintiffs to the defendants or either of them. 4. That in all the matters in dispute between the plaintiffs and the defendants, and especially in those complained of in said bill, the plaintiffs have a full, adequate and complete remedy at common law. 5. That the parties joined as plaintiffs in said bill, if they have any cause of suit, have causes wholly distinct and separate, and thereby the defendants are put to great expense, confusion and injury, in litigating and main-

taining their rights. 6. That there is no equity in said bill as set forth, and that the plaintiffs have not therein made or stated such a case as entitles them to any relief prayed for." The demurrer was not accompanied with the certificate required by the Gen. Sts. c. 113, § 5.

The case was heard and reserved by *Colt*, J., upon bill and demurrer, for the consideration of the full court.

*H. E. Morse*, for the defendants.

*F. S. Hesseltine*, for the plaintiffs.

CHAPMAN, C. J. The case is brought before us on bill and demurrer. The demurrer is not accompanied with the certificate required by the Gen. Sts. c. 113, § 5, that it is not intended for delay, but the case having been heard and reserved upon the demurrer for the consideration of the full court, without bringing this fact to the attention of the justice who reserved it, it is too late to take advantage of the defect.

The object of the bill appears to be to procure from the defendants a good title to half an acre of land and a dwelling-house in Melrose. The bill is very inartificially framed, and contains many recitals of facts which are not very obviously connected with each other by averment, but in regard to which no relief is sought, and they are apparently introduced with a view to a more particular statement of the scheme of fraud which is implied in them.

The bill commences with an allegation that Timothy P. Nelson became possessed, by deed of his mother, of certain real estate in Boston, which is described; that he is ignorant and of a weak understanding, and simple and unsuspecting; and that his wife is also ignorant and unused to business, and easily deceived and defrauded.

It alleges that the defendant, Jasper F. Ferdinand, is shrewd and avaricious, and knew these facts, and sought, by deceit and fraud, to get the said property without a fair compensation. It then sets forth a series of fraudulent acts in pursuance of this design. The first is that he gained their confidence, then got them in debt and embarrassed, and obtained a note from them, and a deed of the property to his wife Anna. But the bill seeks no relief on this account.

Nelson *v.* Ferdinand.

Among the alleged influences by which he obtained the deed of this property were fraudulent inducements by which he persuaded them to remove to Melrose, and a promise to convey to them half an acre of land in Melrose with a dwelling-house, to be conveyed to the plaintiff Caroline. But he fraudulently induced them to take a deed of a parcel which contained less than 8000 feet of land, and was without access to any street; then fraudulently obtained their note, or pretended to do so, and took a mortgage to his wife Anna to secure a fictitious note of $400, and has attempted to foreclose the mortgage; and fraudulently obtained another note to his wife. She transferred this note, and an action was brought thereon, and judgment fraudulently obtained, and the equity of redemption has been purchased and is now held by her. The defendants are now attempting to expel the plaintiffs from the land, and to obtain possession thereof.

The purpose of the bill therefore does not appear to be to redeem what is admitted to be a *bona fide* mortgage, but to obtain a title to the half acre of land and the house which, in accomplishing his fraudulent purpose, the defendant Jasper promised to convey to them, and which has never been conveyed, and to obtain it free from the incumbrance of this fraudulent title which the defendant Anna has obtained, but on condition of making payment of any balance of account that may be due, upon an adjustment of their accounts.

It is necessary that both the husbands and wives should be joined in the bill because of their connection with the titles. And the bill is not multifarious, because it seeks relief merely by a transfer of a good title to the half acre of land and house in Melrose. If the allegation is sustained by the evidence, it is immaterial whether the defendant Anna participated in the fraud, or acted as the instrument of the husband, or whether any offer of payment has been made. There is no adequate remedy at law.

*Demurrer overruled.*