ROBINSON v. MITCHELL & a. & Trs.

A trustee in foreign attachment is not chargeable on the ground that a sale of chattels to him by the defendant was fraudulent in law for want of a change in the possession, if before the service of process he has in good faith paid to or for the defendant the full value of the property.

FOREIGN ATTACHMENT. Issue between the plaintiff and trustees. Facts found by a referee.

*Worcester & Gafney*, for the plaintiff.

*J. H. Hobbs* and *E. A. Hibbard*, for the trustees.

CARPENTER, J. The defendants Mitchell and Beck, and one Roberts, were copartners, doing business under the name of Beck, Mitchell & Co., from 1878 to May 31, 1881, when Beck and Mitchell bought of Roberts his interest in the firm, assumed the partnership debts, and continued the business under the name of Beck & Mitchell. The suit is brought to recover for labor performed by the plaintiff for the defendants after May 31, 1881. February 22, 1882, Beck and Mitchell sold and delivered all their personal property, consisting of machinery in a spool mill and various other articles, a part of which formerly belonged to Beck, Mitchell & Co., to the trustees, in consideration of their paying and agreeing to pay debts of Beck, Mitchell & Co. to the amount of about $6,000, and debts of Beck & Mitchell amounting to about $4,000, all of which the trustees have paid. The total sum so paid was the full value of the property conveyed to them. At the request of the trustees, who had no knowledge of the business, Beck & Mitchell continued their general superintendence of the mill after the sale the same as before. The referee finds that the sale was made in good faith,

without any fraudulent intent, that there was no secret trust, and, so far as it is a question of fact, that there was a sufficient change of the possession. Since the service of the writ there has been no material change in the possession or in the management of the property. No attempt was made by either party to show how much of the property sold to the trustees formerly belonged to Beck, Mitchell & Co. The referee does not find, and upon the evidence was unable to find, the value of that portion of the property, or whether the part of the property not formerly belonging to Beck, Mitchell & Co. exceeded in value the debts of Beck & Mitchell, which were paid or assumed by the trustees. The plaintiff claims that the trustees should be charged for the whole property, on the ground that the sale was void as against creditors, because there was no sufficient change in the possession of the property, and for the portion of the property of Beck & Mitchell which was applied to the payment of the debts of Beck, Mitchell & Co., because such application is a fraud upon the creditors of the former.

If at the time of the service of the writ upon the trustees the property was in their custody and possession, there would seem to be no good ground for the claim that the sale was fraudulent in law and void by reason of the vendor's retention of possession, and if it was not then in their possession and control it never has been, and therefore they cannot be charged. *Greenleaf* v. *Perrin*, 8 N. H. 273; *Aldrich* v. *Woodcock*, 10 N. H. 102; *Despatch Line of Packets* v. *Bellamy M'f'g Co.*, 12 N. H. 238; *Bailey* v. *Ross*, 20 N. H. 302; *Gutterson* v. *Morse*, 58 N. H. 529.

However that may be, the trustees cannot be charged upon the ground that the sale was void as against the plaintiff for want of sufficient change of possession, because there was no actual fraud, and before process was served on them they had in good faith paid and obligated themselves to pay debts of the defendants amounting to the full value of the property they received. *Hutchins* v. *Sprague*, 4 N. H. 469; *Boardman* v. *Cushing*, 12 N. H. 105, 112–114; *Albee* v. *Webster*, 16 N. H. 370; *Bank* v. *Clough*, 43 N. H. 178; *Gutterson* v. *Morse, supra;* *Thomas* v. *Goodwin*, 12 Mass. 140; *Oriental Bank* v. *Haskins*, 3 Met. 332; *Crowninshield* v. *Kittridge*, 7 Met. 520.

If the value of Beck & Mitchell's property was not greater than the amount of their debts paid or assumed by the trustees, there is no ground for the claim that any part of it was appropriated to the payment of the debts of Beck, Mitchell & Co. If the plaintiff claimed that it was greater, the burden was on him to show it. What the effect might be upon the liability of the trustees if it were shown is a question not raised and not considered.

*Trustees discharged.*

Smith, J., did not sit: the others concurred.