EDWARD C. CARLL & another *vs.* WALTER M. EMERY & another.

Plymouth. October 16, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Transfer in Fraud of Creditors — Abandonment of Fraudulent Purpose — Repayment.*

A debtor, transferring property, with intent to delay and defraud creditors, to a third person who has knowledge of the fraud, upon an agreement that the proceeds shall be accounted for to him, may, after notice to such person of the abandonment of his fraudulent purpose and a demand for repayment, recover from him such proceeds for the benefit of his creditors.

CONTRACT to recover the proceeds of certain checks indorsed by the plaintiffs to the defendants. Trial in the Superior Court, before *Pitman,* J., who, after a verdict for the plaintiffs, reported the case for the determination of this court. The facts appear in the opinion.

*J. M. Day,* for the defendant.

*C. W. Sumner,* for the plaintiffs.

DEVENS, J.   The checks which were indorsed by the plaintiffs to the defendants, for the proceeds of which the defendants agreed to account to them, were so transferred, as the evidence tended to show, with a view to delay and defraud the plaintiffs' creditors, and of this purpose both parties were cognizant.   At a subsequent period the plaintiffs went into insolvency, and sought to avail themselves of the property for the purpose of satisfying their creditors to the extent of its value.   For this purpose they demanded the proceeds of the checks of the defendants, who were apprised of the intention of the plaintiffs, and of the object to which such proceeds were to be devoted.   The defendants having refused this demand, the plaintiffs, who had made an offer of compromise to their creditors, paid into the Court of Insolvency a sum which exhausted all their assets, including the amount of the checks transferred to the defendants.   This sum was obtained partly by a loan made to them by one Chase, to whom they assigned their claim against the defendants for the proceeds of the checks, and for whose benefit this action was brought.

The defendants requested an instruction to the jury, that, if they were satisfied on all the evidence that the checks were transferred to them " in order to prevent the plaintiffs' creditors from reaching the same by attachment or other legal means, or to hinder and delay said creditors in their lawful attempts to avail themselves of said checks or the proceeds thereof in payment of their lawful demands, this action cannot be maintained." This request was refused, and the jury were instructed: "If the jury find that the defendants received those checks to have them cashed for the benefit of the plaintiffs, and received the money therefrom, and the plaintiffs thereafter demanded the same of the defendants for the purpose of paying a composition made in insolvency with their creditors, of which purpose the defendants were apprised, and the defendants refused to pay over said money to the plaintiffs or their order, then this action may be maintained, although the said checks were originally placed in the hands of the defendants for collection, in order to hinder, delay, or defraud creditors."

We have no occasion to consider whether the defendants could

have been permitted to defeat the contract they had made by proof that they had participated in a fraud upon the plaintiffs' creditors, or whether the transaction described in the request was not valid between the parties, and thus that it could have been avoided only by creditors, or whether even creditors could have avoided it, having themselves received the proceeds of the checks. All these questions have been repeatedly considered by this court. *Knapp* v. *Lee*, 3 Pick. 452. *Dyer* v. *Homer*, 22 Pick. 253. *Oriental Bank* v. *Haskins*, 3 Met. 332. *Crowninshield* v. *Kittridge*, 7 Met. 520. *Brown* v. *Thayer*, 12 Gray, 1. *Harvey* v. *Varney*, 98 Mass. 118.

The instruction as given was sufficiently favorable to the defendants. It was in substance that if one of two parties to a transaction, fraudulent as to creditors, has transferred property to another, no consideration having been paid, he may recede from the transaction on notice to the other party, repossess himself of his property, and devote it to its proper purposes. That a fraudulent transaction may be purged of the fraud by the subsequent action of the parties is well settled. Thus, if the checks transferred to the defendants had been fully paid for to the plaintiffs, and the sum had gone to the plaintiffs' creditors, the transaction would have been purged of fraud and the defendants would have had a good title thereto. *Thomas* v. *Goodwin*, 12 Mass. 140. *Oriental Bank* v. *Haskins*, 3 Met. 332.

It would seem equally clear, that, when a party who has transferred property to delay or defraud creditors abandons his fraudulent purpose, apprising the other party thereof, and seeks to reinstate himself in the possession of his property in order to pay his creditors, he may do so. It cannot be that the other party, who has been a participant in the fraudulent transaction, by reason of such participation should be able to hold the property the possession of which he had so acquired, and thus prevent it from being devoted to its legitimate uses.

*Judgment on the verdict.*