Rockingham, ?
 June, 1897.'$

### STAVERS *v.* STAVERS *& a.*

A deed of real estate from a mortgagor to a mortgagee, executed in good faith and deposited with the grantee upon an agreement that it was not to be recorded and should not become absolute until the non-performance of certain conditions by the grantor in possession, does not disclose a secret trust, and is not voidable by a creditor of the grantor after the happening of the contingency upon which it was to take effect.

BILL IN EQUITY, by John W. Stavers against Alfred Stavers and the Portsmouth Savings Bank, praying that the defendant bank be ordered to surrender for cancellation a deed of certain real estate from Alfred Stavers and wife, and that it be enjoined from conveying the same. The defendants demurred.

*Samuel W. Emery,* for the plaintiff.

*Alfred Stavers, pro se.*

*Frink & Marvin,* for the Portsmouth Savings Bank.

PARSONS, J. "By the law of New Hampshire, . . . all conveyances with a secret trust reserved to the vendor are fraudulent and void as to creditors, and where the trust is shown, fraud is an inference of law that the court is bound to pronounce. Such trusts are proved to exist, where the conveyance is absolute on its face, but with an agreement, either verbal or in writing, for a reconveyance upon some terms. . . . In short, any secret trust whatever, either express or implied, by which the property is to be held in any way for the benefit of the vendor, is inconsistent with an absolute sale, and makes it, as matter of law, fraudulent and void as to creditors. The ground, then, upon which such conveyances are, as matter of law, denounced as fraudulent, is that they are made to delay, hinder, and defraud creditors." *Coolidge* v. *Melvin,* 42 N. H. 510, 521, 522; *Stratton* v. *Putney,* 63 N. H. 577, 579, and cases cited.

Do the allegations of the bill bring the plaintiff's case within these well settled principles upon which he relies? The plaintiff, as a creditor of Alfred Stavers, seeks to have a deed from him to the defendant bank declared void. The bill alleges the execution by Alfred, March 8, 1894, of the deed in question. The deed was a quitclaim of two lots of land to each of which the defendant bank, the grantee in the deed, had already title by way of mortgage. No insufficiency in the consideration is

alleged, but the plaintiff rests his case upon the proposition that a written agreement set out in the bill, entered into between the grantor and grantee at the time the deed was executed, discloses the reservation of a secret trust for the benefit of the grantor sufficient to avoid the deed upon the authorities cited. This agreement provides that the deed "is to be held by said bank for the term of six calendar months from the date of this agreement without being recorded. . . . If at the expiration of said six calendar months, the parties of the second part [Alfred and his wife] shall have paid in full the mortgage claim of said bank upon Franklin block [one of the lots in the deed], . . . then said bank shall thereupon deliver up the said deed to the parties of the second part to be cancelled; . . . but if, at the expiration of the six calendar months, to wit, on the 8th day of September, 1894, the said parties of the second part shall not have paid the said mortgage claim in full to said bank, then the delivery of the said deed to the said Portsmouth Savings Bank, at the end of the said six calendar months, shall become absolute, and the title to the premises therein described shall pass to and become perfect in said bank, and the parties of the second part will thereupon do and perform any further act or thing which may be requisite, or may be thought advisable, to make such delivery perfect and absolute, and said bank may thereupon have said deed recorded . . . and shall thereupon own the premises therein described absolutely and in fee simple."

The agreement also contained a provision by which upon a certain contingency the title of the bank should become absolute before the expiration of the six months, which is not, however, material upon the legal questions. The bill further alleges that Alfred failed to redeem from the bank's mortgage, and September 15, 1894, the bank caused the deed to be recorded and now claims to own the lot in question in fee. The plaintiff's attachment was made and his right of action accrued subsequent to September 15, 1894.

By the deed and the agreement, the bank's title became absolute September 15, 1894. At the time when the grantee first claimed ownership under the deed no trust or benefit was reserved to the grantor, and if we are to consider the conveyance of the fee as made September 15, instead of March 8, no ground exists for implying fraud to avoid the deed. Does the agreement disclose a secret trust from which the implication of fraud conclusively follows? The agreement does not call for a reconveyance upon repayment of the purchase money. It is not an absolute deed as security for a debt, for the bank already held the same property as security by way of mortgage; and the moment the bank could, without fraud upon the grantor, claim title, or did in fact claim title under the deed, the grantor's

right of redeeming from the mortgage was extinguished. Though the deed was executed March 8, and the paper itself then passed into the possession of the bank, the parties to the agreement understood such possession was not to operate as a delivery of the deed until September 8. The deed was to be " held by the bank " until that time without being recorded; if the mortgage were paid, the deed, *i. e.*, the written paper, was to be returned to be cancelled. The parties did not provide for a reconveyance, because, as they understood it, none had been made; while if no redemption were made, the agreement provides that then the title to the premises shall pass to and become perfect in said bank, the grantor covenanting to do such acts as might then be necessary to make a perfect and absolute delivery at that time. It is clear that the parties to this deed and agreement understood that in order to pass title by deed a delivery of the deed was necessary. As to the correctness of their understanding, as matter of law, there can be no question. 4 Kent Com. *454; *Canning* v. *Pinkham*, 1 N. H. 353; *Derry Bank* v. *Webster*, 44 N. H. 264, 267; *Cook* v. *Brown*, 34 N. H. 460.

And it is clear they understood, although the instrument was to be held by the bank during the six months, no delivery was to be considered as made until the termination of the six months. It is not alleged that either party failed to abide faithfully by such understanding or did any acts in contravention of it. It is conceded that if the deed had been handed to a third person as an escrow, to be delivered to the bank or returned to the grantor to be cancelled upon the terms set forth in the written agreement, there would have been no delivery and the title would not have passed until intended by the parties; but it is claimed that, as matter of law, a deed cannot be delivered in escrow to the grantee; that if delivered to the grantee to take effect upon some future event, despite the honest intention of the parties, nevertheless the deed takes effect at once without any reference to the contingency upon which the parties proceeded.

However this question might be determined at the present time as between the parties, it is not now necessary to decide it. By the authorities it is held generally that if a deed be delivered to the grantee by the grantor as his deed, although at the time both parties understand the deed is not to take effect until the happening of some event or the performance of some condition, nevertheless neither party can be permitted to defeat the deed by showing by parol that it was given upon condition, because that would be to contradict the terms of the deed. 4 Kent Com. *454; 3 Wash. R. P. *584; *Fairbanks* v. *Metcalf*, 8 Mass. 230, 238; *Ward* v. *Lewis*, 4 Pick. 518, 520; *Gilbert* v. *Insurance Co.*, 23 Wend. 43.

Whether this reasoning will stand the test of logical investigation is not the question in this case. The question here is not whether a deed can be defeated by one of the parties by showing a conditional delivery and default in the condition, but is whether the mere fact that the parties by mistake of law, admitting the plaintiff's claim upon the authorities to be correct, attempt to make the grantee the depositary of the deed, instead of a third person, until the happening of the contingency upon which they understand the deed is to take effect, is such a conclusive badge of fraud as to avoid the deed after the contingency has happened. We can see no ground in the present case to sustain such a conclusion. The only foundation for the rule is the incompetency of parol evidence to contradict the deed; but, as claimed by counsel, this rule of evidence does not apply to the creditor, and it was open to him to show that no title had passed because no delivery had been intended. It was unnecessary for him attaching the land before the title passed, as the parties understood, to do more than show that fact. A deed, though in the manual possession of the grantor, upon proof of such want of intentional delivery would be no more effectual against the plaintiff's attachment than if held by a third person in escrow, as in *Derry Bank* v. *Webster.*

The parties to this agreement provided against such controversy by stipulating that no record of the deed should be made. The simple execution and passing of the deed to the grantee six months before either party understood the title passed, with no claim of ownership by the grantee, had no tendency to hinder or delay creditors; it neither concealed the grantor's property nor prevented its attachment.

The parties intended no fraud. An application of legal principles which by one rule of law makes that an absolute delivery and conveyance of title which was not understood to be a delivery or to convey title, and then by another rule of law declares the parties conclusively guilty of fraud because they understood and agreed they had not done what they did not do, would be a refinement of legal subtlety unfitted for the present age, and which, in the entire absence of any claim that any person was or could have been misled, will not be made by this court.

The plaintiff claims to go behind the written instrument and is bound by what he discloses. Having established that in equity, at least, no title passed till September 15, and that when the equitable and legal title passed prior to his attachment no secret trust was retained for the benefit of the grantor, no ground remains upon which the deed can be disturbed. If the deed had been recorded or the grantee had claimed title thereto prior to the time the parties understood the title was to pass, a different question would have been presented.

· This view renders it unnecessary to consider whether if the deed were fraudulent at its inception for a secret trust, such fraud would be purged and the deed rendered valid by the expiration of the time for which it is claimed the trust was reserved. *Oriental Bank* v. *Haskins,* 3 Met. 332; *Smyth* v. *Carlisle,* 17 N. H. 417; *Mandigo* v. *Healey, ante, p.* 94.

*Demurrer sustained.*

· All concurred.