OLIVE A. PIERCE *vs.* MARIA LE MONIER & another.

Worcester.    October 6, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Equity — Parties — Mortgage — Bill to redeem — Husband and Wife — Fraud — Accounting.*

If a bill in equity is brought by a married woman to redeem land which had been conveyed to her by her husband from a mortgage given by them to one of the defendants and assigned to the other, and a master's report finds that nothing is due on the mortgage to either defendant, but that a third person has an equitable claim under it as security for an amount due him from the plaintiff and her husband, and the decree entered thereon directs the plaintiff to pay him such sum, and after such payment the mortgage to be discharged, both the third person and the plaintiff's husband should be made parties to the bill before the case can properly be finally disposed of.

Where land has been conveyed by a husband to his wife, and by them mortgaged to a third person in order to prevent it from being reached by the husband's creditors, it is not necessary, in order to maintain a bill in equity to redeem the land, to show that the transaction has been purged of the fraud which led to the conveyance and mortgage; but if accountings have taken place between the mortgagors and a third person, who is found to have an equitable claim under the mortgage as security for an amount due him from them, such accountings must be regarded as settling the amounts due under the mortgage when they were had, and the objection that they related to sums advanced subsequently to the giving of the mortgage cannot prevail, if it is found that it was understood and agreed between the parties that the mortgage should stand as security for such sums.

BILL IN EQUITY, filed February 27, 1894, in the Superior Court, and amended May 31, 1894, against Maria Le Monier

and A. L. Warner, for an accounting and for the redemption of certain land in Paxton from a mortgage given by the plaintiff to the defendant Le Monier, and by her assigned to the defendant Warner. ·

The case was referred to a master, who found and reported that on June 5, 1886, Frank W. Pierce, the husband of the plaintiff, conveyed the real estate in question through a third person to her, the same being a voluntary conveyance without consideration; that on August 28, 1886, the plaintiff and her husband, without any consideration therefor, and for the purpose of encumbering said real estate and preventing the same from being attached or taken on execution by the creditors of Frank W. Pierce, and especially from being attached and taken on execution by one Samuel C. Cochran, to whom Frank W. Pierce had indorsed a certain note for the accommodation of one Walter O. Cook, gave the defendant Le Monier a note for $2,500, secured by the mortgage described in the plaintiff's bill; that this attempt to cloud the title to the real estate was participated in by the plaintiff and her husband, and the defendant Le Monier and her husband, George C. Le Monier, the husbands being the active participants and acting as the agents of their respective wives, who assented thereto; that subsequently Cook paid the note which was indorsed by Frank W. Pierce, and Pierce paid all his other indebtedness existing at the time of the conveyance and mortgage; that subsequently, in September, 1886, George C. Le Monier loaned Frank W. Pierce $400, which was understood by the plaintiff to be secured by the mortgage, and in February, 1887, she gave George C. Le Monier a note for that amount, payable to the defendant Le Monier, in settlement of the amount due him from her husband; that on April 22, 1887, the defendant Le Monier assigned the mortgage and note for $2,500 to the defendant Warner, at the suggestion of George C. Le Monier; that the note was then overdue and open to the equities existing between the original parties, and Warner held the same for the accommodation of the defendant Le Monier and George C. Le Monier, who assumed ownership and control over the same in their dealings with the plaintiff and her husband; that at this time George C. Le Monier was indebted to Warner in a sum larger than the face of the mort-

gage; that the note for $400 was not assigned, but in the fall of 1887, and subsequently to such assignment, the plaintiff and her husband and George C. Le Monier had an accounting together, and it was agreed that there was due to the last named $380; that subsequently a payment of $250 was made by Frank W. Pierce to George C. Le Monier on account of the indebtedness of $380; that afterwards George C. Le Monier made further loans to Frank W. Pierce, which were understood by the plaintiff to be secured by the mortgage; that on September 12, 1892, George C. Le Monier and Frank W. Pierce had a further accounting together, and agreed that there was due George C. Le Monier $525, of which sum Pierce paid $475 on account; that some time after 1890, the plaintiff and her husband had knowledge of the assignment to the defendant Warner, and subsequently to September 12, 1892, demanded an accounting with both defendants, and was referred by Warner to the defendant Le Monier and her husband, saying that any settlement with them would be satisfactory; and that the defendant Le Monier and her husband demanded the full sum of $2,500, and refused to deliver up the note and discharge the mortgage unless this sum was paid.

The master found that, upon the evidence, there was due on September 12, 1892, from Frank W. Pierce and the plaintiff to George C. Le Monier the sum of $50 and interest thereon from that date, at the rate of five per cent per annum, amounting in all to $62.37.

The master further found, as matter of law, that the defendant Warner had only the naked legal title to the mortgage, without any further interest therein, and that there was nothing due him thereon; that there was nothing due the defendant Le Monier on the mortgage, but that George C. Le Monier had an equitable claim under the mortgage as security for the sum of $50 and interest; and that the payment of the Cochran note, and the payment by Frank W. Pierce of all his other indebtedness existing at the time of the conveyance and mortgage, purged the transaction of the fraud intended and committed, and, although the plaintiff participated in the original fraudulent scheme, yet the same having been abandoned and purged, she was entitled to the relief sought, and to have the mortgage dis-

charged upon the payment of the $50 and interest to George C. Le Monier.

The defendant Le Monier excepted to the last finding of the master, and the defendant Warner filed several exceptions, which are not material to be stated.

The plaintiff excepted to the refusal of the master to find, as matter of law, that the accountings between the plaintiff, her husband, and George C. Le Monier, entitled her to redeem, notwithstanding the original fraudulent nature of the mortgage.

At the hearing, the exception of the defendant Le Monier was overruled, the plaintiff's exception was sustained, the master's report, except as to the matter covered by the plaintiff's exception, was accepted and confirmed, and a decree was entered directing the plaintiff to pay George C. Le Monier the sum of $62.37, with interest at five per cent from August 23, 1897, to the day of payment, and that within ten days after such payment by the plaintiff the defendant Warner should discharge the mortgage; and the defendants appealed to this court, the appeal of the defendant Warner being waived subsequently.

*F. B. Smith,* for the defendants.

*R. B. Dodge, Jr.,* for the plaintiff.

MORTON, J.  The master has found that the defendant Warner holds the naked legal title to the mortgage, but that he has no further interest in the same, and that there is nothing due him thereon; and that the defendant Maria Le Monier has no equitable title to said mortgage, and that there is nothing due her thereon.  The master has also found that George C. Le Monier has an equitable claim under said mortgage as security for the amount due him from the plaintiff and her husband, which he has found to be $50 and interest, amounting in all to $62.37.  The decree directs the plaintiff to pay the said George C. Le Monier said sum with interest at five per cent from August 23, 1897, to the day of payment, and further directs that within ten days after said payment the said Warner shall discharge the mortgage.  Neither George C. Le Monier nor the plaintiff's husband is a party, and we think that, before the case properly can be finally disposed of, both should be made parties. Probably it will not be necessary to send the case back to the master.  See *Browning* v. *Carson,* 163 Mass. 255.  But, in order

that the rights of all persons in interest may be concluded, we think that they should be made parties. See *Nelson* v. *Ferdinand*, 111 Mass. 300; *Coles* v. *Forest*, 10 Beav. 552.

The defendant Warner has waived his appeal, and the exceptions taken by him to the master's report are not before us. The only exception to the master's report which is before us is that of Maria Le Monier. The exception is to the finding of the master that the payment of the Cochran note, and the payment by the plaintiff's husband of all his other indebtedness existing at the time, purged the transaction of the fraud intended and committed by the conveyance to the plaintiff and by the mortgage executed by her, and that upon payment to George C. Le Monier of the amount due him she is entitled to redeem.

We think that the exception must be overruled, though not upon the ground taken by the plaintiff. The case has been argued by the plaintiff, as it apparently was treated by the master, as if, in order to entitle the plaintiff to redeem, she must show that the transaction had been purged of the fraud which led to the conveyance and the mortgage. Possibly the case could stand on that ground. See *Carll* v. *Emery*, 148 Mass. 32; *Harvey* v. *Varney*, 98 Mass. 118; *Crowninshield* v. *Kittridge*, 7 Met. 520; *Oriental Bank* v. *Haskins*, 3 Met. 332; *Thomas* v. *Goodwin*, 12 Mass. 140; *Hutchins* v. *Sprague*, 4 N. H. 469. But it seems to us that there is another and a better view on which the action of the Superior Court in overruling the exception can be sustained. As between the parties to the deed and the mortgage, those conveyances were valid. *Stillings* v. *Turner*, 153 Mass. 534. *Harvey* v. *Varney* and *Crowninshield* v. *Kittridge*, *ubi supra*. *Dyer* v. *Homer*, 22 Pick. 253. They were fraudulent only as to creditors, and voidable only by them. The plaintiff is not seeking to set aside the mortgage on the ground of the alleged fraud, or for any other reason, and she is not obliged in order to obtain the relief which she desires to rely upon the alleged fraud. On the contrary, by seeking to redeem she affirms or acknowledges the validity of the mortgage. Cases therefore on which the defendant relies, in which it was sought to obtain a reconveyance of property which had been fraudulently conveyed, do not apply, and it is not necessary to consider

whether the original transaction which led to the deed and mortgage has been purged of fraud. The accountings which took place, as the master has found, between the parties, must be regarded as settling the amounts due under the mortgage when they were had, and the objection that they related to sums advanced subsequent to the giving of the mortgage, cannot prevail in view of the fact that the master has found in substance that it was understood and agreed between the parties that the mortgage should stand as security for the sums so advanced. *Stone* v. *Lane,* 10 Allen, 74.

> *Case remitted to the Superior Court for further proceedings in accordance with this opinion.*