Pettingell, J.
According to the evidence contained in the report, which states that it contains all the evidence material to the questions reported, the plaintiff and the defendant were each members of a credit union, and as such members, each had a credit in the shares account of the union. The plaintiff, fearing financial trouble with a mortgagee, transferred to the defendant the credit which the plaintiff had on the books of the credit union in the shares account, and it was added to the amount already there appearing to the credit of the defendant. The defendant then gave the plaintiff the promissory note, for a corresponding *499 amount, which, is the basis of the present action. At a later date the credit union went into liquidation; presumably there will be a considerable loss to those who have credits in the shares account.
The plaintiff’s contention is that the transaction just described was a loan. The defendant’s contention is that the transfer was made to make the plaintiff’s property inaccessible to his mortgagee, and that there was no consideration for the note which he gave as evidence of the transfer, or, as he describes it, as a “receipt”.
It also appeared that prior to the bringing of the action, the plaintiff had made a satisfactory adjustment of his differences with the mortgagee, the mortgage having been duly discharged of record.
On the record thus presented, certain issues of fact are apparent. If the defendant received money or credit from the plaintiff, for the plaintiff’s benefit, he was under an obligation to return it on demand. The fact that the intention of the plaintiff was to hinder or delay his creditors would not be a defence available to the defendant. Brown v. Thayer, 12 Gray 1, at 3; Carll v. Emery, 148 Mass. 32, at 33, 34.
On the other hand, if the defendant accepted the transfer of the plaintiff’s credit in the credit union for the sole purpose of aiding the plaintiff, and with no benefit to himself, and the note was given by him for no other purpose than to evidence the transaction, and the credit was subsequently extinguished and lost through no fault of the defendant, there might be a good defence to the action. The issue then would be whether the transaction between the parties was intended by them to create a debtor and creditor relation, in which case the defendant would be liable on the note, Shoemaker v. Hinze, 53 Wis. 116; or whether the defendant was simply to hold the plaintiff’s credit, as an accommodation for the plaintiff, until the latter desired it back. In such a case the relation between the parties would not be that of *500 debtor and creditor, but more, like that of bailor and bailee, and the bailee would not be liable for the loss of the credit without fault on his part, Dustin v. Hodgen, 38 Ill. 352; the note would then be without consideration.
The trial judge, however, at the request of the plaintiff, gave several rulings “as matter of law”; the 7th, that “the court should find that there was valuable consideration”; the 9th, that “the passing of the note from the defendant to the plaintiff and the $250 from the plaintiff to the defendant created a debt”; the 11th, that “the defendant received consideration for the note which he signed and transferred to the plaintiff, therefore he is not an accommodation maker”; and the 13th, that “upon all the law the court should find for the plaintiff. ’ ’
The matters covered by these requests were all matters of fact. For the trial judge to rule that they were matters of law leaves us in doubt as to the principles of law which he considered as governing the case. We think that this constituted prejudicial error. Clarke v. Massachusetts Title Ins. Co., 214 Mass. 31, at 32, 33; DeYoung v. Andrews Co., 214 Mass. 47, at 50; Kaufmann v. Sydeman, 251 Mass. 210, at 217; Russell v. Foley, 278 Mass. 145, at 148, 149; Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301, 2302.
The finding for the plaintiff is to. be vacated and the case is to stand for a new trial.