### COMMONWEALTH *vs.* WILLIAM O'HEARN.

Middlesex. March 28. — April 12, 1882. ENDICOTT & FIELD, JJ., absent.

A complaint by Charles J. Rock alleged that the defendant, at a time and place named, "unlawfully did sell intoxicating liquors to Charles Rock aforesaid." At the trial, the complainant testified to a sale to himself by the defendant of intoxicating liquor at the time and place alleged; and further testified that his proper name was Charles J. Rock; that he was so baptized; and that he was called Charles Rock, and was as well known by that name as by the name of Charles J. Rock. *Held,* that there was no variance between the allegations of the complaint and the proof.

COMPLAINT by Charles J. Rock, that the defendant, at a time and place named, unlawfully sold intoxicating liquors " to Charles Rock aforesaid."

At the trial in the Superior Court, before *Staples,* J., Charles J. Rock testified to a sale to himself by the defendant of intoxicating liquor at the time and place alleged; and further testified as follows: " I was baptized as Charles J. Rock; that is my proper name; I am the complainant in this complaint; I write my name Charles Rock; I am called Charles Rock; I am as well known by the name of Charles Rock as of Charles J. Rock."

The defendant asked the judge to rule that there was a variance; and that, on the foregoing evidence, the defendant was entitled to an acquittal. The judge declined so to rule, and instructed the jury as follows: " If the jury find that Charles Rock is the same person as the complainant Charles J. Rock, that Charles J. Rock is the complainant's original name, but that he was at the time of the alleged sale commonly known and called by the name of Charles Rock, and also as well known by the

name of Charles Rock as by that of Charles J. Rock, there is no variance, and the defendant may be convicted upon due proof of the alleged sale."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. F. Heard*, for the defendant. A middle name or initial is an essential part of a man's name. *Terry* v. *Sisson*, 125 Mass. 560, 561. Charles Rock and Charles J. Rock are different names. *Commonwealth* v. *Hall*, 3 Pick. 262, 263. *Commonwealth* v. *Mc-Avoy*, 16 Gray, 235.

The Christian name and surname of any person whose description is involved in the statement of the offence must be fully and accurately stated. It is a fatal variance where a third person, named in the pleadings, is not known by the name therein stated; and the defendant must be acquitted for that reason. *Commonwealth* v. *Mehan*, 11 Gray, 321. *Commonwealth* v. *Wade*, 17 Pick. 395. *Conmonwealth* v. *Pope*, 12 Cush. 272. It is sufficient ground for an arrest of judgment, that the error appears on the record; or for acquittal, when a variance arises on the trial. The allegation "aforesaid" is descriptive, and must be proved as laid, and cannot be rejected as surplusage.

The objection to this complaint is fatal, whether regarded as a question of pleading or of evidence. The complaint is bad for repugnancy. The material allegation is that the "sale was made to Charles Rock aforesaid," and no Charles Rock is mentioned before. "It is a certain rule, that where one material part of an indictment is repugnant to another, the whole is void." 2 Hawk. P. C. *c.* 25, § 62. "A repugnancy or absurdity in the description of the person injured will vitiate an indictment; as where one is indicted for stealing *bona prædict'* J. S. where no J. S. was mentioned before." 2 Hawk. P. C. *c.* 25, § 72.

The name of the person whose existence is legally necessary to the identity of the charge must be laid in the complaint, and proved as laid; otherwise, the defendant cannot be convicted. *Commonwealth* v. *Mehan*, *ubi supra*. There was no occasion to inquire whether the person to whom the sale was made was known by one name as well as another. He was present, swore out the complaint, and signed his correct name to it.

This complaint and record would not support a plea of autrefois convict in case another complaint should be made for the same offence.

*C. H. Barrows*, Assistant Attorney General, ( *G. Marston*, Attorney General, with him,) for the Commonwealth.

DEVENS, J.   The word " aforesaid," which follows the name of Charles Rock in the body of the complaint, must either receive its full force, and (this being given to it) describe thus the person who has before been called Charles J. Rock, or it must be discarded as surplusage.

In the former case, the person to whom the sale is averred to have been made is sufficiently identified with the complainant. *Commonwealth* v. *Melling*, 14 Gray, 388.   *Commonwealth* v. *Hagarman*, 10 Allen, 401.   In the latter case, the complaint would aver a sale made to Charles Rock, who might or might not be shown to be the same person as the complainant.   Such a complaint would be good, and, if the sale were proved, would be maintained by evidence that the person to whom it was made, even if baptized as Charles J. Rock, was known as well by the name of Charles Rock.

In neither aspect would there be a variance of the proof from the allegation which would entitle the defendant to an acquittal.

*Exceptions overruled.*