COMMONWEALTH *vs.* ANN GORMLEY.

Middlesex.    Nov. 27. — Dec. 2, 1882.    LORD & DEVENS, JJ., absent.

An allegation in a complaint of a sale of intoxicating liquor to T. C. is supported by proof of a sale to T. F. C., if he was the person named in the complaint as the person to whom the sale was made, and was as well known by the one name as by the other.

An allegation in a complaint of an unlawful sale of intoxicating liquor to C. is supported by proof of a sale to C., although C., in making the purchase, was acting as the agent of D., if he did not disclose the fact that he was buying the liquor for D. or for some other person.

The fact that, at the time of an unlawful sale of intoxicating liquor by a married woman, her husband was lying sick upon a bed in a room adjoining that in which the sale took place, the door between the rooms being open, does not raise a conclusive presumption of law that she was acting under his coercion.

COMPLAINT alleging that the defendant, at Somerville, on October 30, 1881, unlawfully sold to Thomas Casey one gill of whiskey. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

Casey, a boy under twelve years of age, was called as a witness by the government, and testified that his name was Thomas F. Casey; that, on the day in question, he was furnished with money by one Mary Daley, and told to go to the shop kept by Andrew Gormley in the dwelling-house occupied by himself and

---

his wife, the defendant, and purchase one gill of whiskey and some cakes; that he went to the shop and found the defendant there, and told her that his mother, who it appeared was accustomed to buying goods there, had sent him for one gill of whiskey and some cakes; and that the defendant delivered to him the whiskey and cakes, and he paid her twelve cents for them, and carried them to Daley.

Mary Daley was also called by the government as a witness, and testified that she sent Casey for the whiskey and cakes, and gave him the money to pay for the same; that he brought the whiskey to her, and that she carried it to the police and caused this complaint to be made.

There was evidence on the part of the defendant that her husband was in the house, in a room adjoining the shop, when the sale to Casey took place, sick upon a bed; and that the door between the shop and room was open.

The defendant asked the judge to rule as follows: "1. There is a variance between the name of the purchaser of the liquor, as alleged, and the name proved, and the defendant cannot be convicted.    2. The evidence in the case will not support the allegation of a sale to Casey, inasmuch as it appeared that his statement to the defendant that his mother had sent him for the whiskey was enough to show that he was acting as agent and not as principal in making the purchase.    3. If the jury should be satisfied, from the evidence in the case, that the defendant made a sale of intoxicating liquor as alleged, yet, if such sale was made in a house occupied by herself and her husband as their dwelling-house, and with his approval and in his presence and under his directions, she cannot be held liable.    4. If the sale was made in such house, and under the general directions of the husband, although he was at the time in an adjoining room, she cannot be held liable."

The judge gave the third ruling requested; declined to give the others; and instructed the jury as follows: "If the defendant made the sale alleged, not in the presence or with the knowledge of her husband, or when he was in a situation to exercise, or exercising, any control or influence over her in the matter of the sale, the defendant may be convicted of a sale to Thomas F. Casey, if he was the person named in the complaint as the

person to whom the defendant made an unlawful sale, notwithstanding he is styled in the complaint Thomas Casey, provided that person was as well known and called by the name of Thomas Casey as by the name of Thomas F. Casey, if, in making the purchase, Casey, although acting therein as the agent of Mary Daley, did not disclose the fact that he was buying the liquor for Mary Daley, or for some other person."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*I. S. Morse & G. A. Morse*, for the defendant.

*G. Marston*, Attorney General, *& C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

FIELD, J. The first exception was not argued, and the instruction that the " defendant may be convicted of a sale to Thomas F. Casey, if he was the person named in the complaint, as the person to whom the defendant made an unlawful sale, notwithstanding he is styled in the complaint Thomas Casey, provided that person was as well known and called by the name of Thomas Casey as by the name of Thomas F. Casey," was correct. *Commonwealth* v. *O'Hearn*, 132 Mass. 553. *Commonwealth* v. *Desmarteau*, 16 Gray, 1, 17. *Commonwealth* v. *Shearman*, 11 Cush. 546.

The exceptions do not purport to set out the whole evidence, and we cannot say that the court should have given the second ruling asked for. *Gunnison* v. *Langley*, 3 Allen, 337. The instruction given, that the defendant may be convicted " if, in making the purchase, Casey, although acting therein as the agent of Mary Daley, did not disclose the fact that he was buying the liquor for Mary Daley, or for some other person," was correct. *Commonwealth* v. *Kimball*, 7 Met. 308. *Commonwealth* v. *Remby*, 2 Gray, 508. *Commonwealth* v. *McGuire*, 11 Gray, 460.

If it was the intention of the defendant to raise the question whether the defendant could be found guilty if the jury should find that Casey did state to her, at the time of the sale, that he was buying the whiskey for his mother, and also find that in fact he was not buying the whiskey for himself but for Mary Daley, another person, we are of the opinion that the exceptions do not show that this question was distinctly presented to the presiding justice of the Superior Court, or was passed upon by him.

The instructions given upon the presumed coercion by the husband were sufficiently favorable to the defendant; and the fourth ruling requested was rightly refused. Whether there is any crime, which, if committed by a wife in the actual presence of her husband, is conclusively presumed, in favor of the wife, to have been committed by his coercion, need not be discussed. The evidence was that the husband was in an adjoining room, " sick upon a bed, and that the door between the shop and room was open." Under such circumstances, there is no conclusive presumption of law that she, in selling intoxicating liquor, was acting under the immediate influence and control of her husband. 1 Russ. on Crimes, 41.                    *Exceptions overruled.*