## COMMONWEALTH *vs.* JAMES WILLIAMS.

Suffolk.     March 26, 1894. — May 18, 1894.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Larceny — Variance — Evidence.*

An indictment for larceny alleged that the owner of the stolen property was Preston O. S., and there was evidence that he was as well known by that name as by the name of O. Preston S. *Held,* that it could not be said, as matter of law, that there was a variance.

At the trial of an indictment for larceny the owner of the stolen property testified that on September 12, while in a railroad station in Boston, he was jostled or pushed against by some unknown person, and immediately thereafter discovered that his watch, chain, and charm were gone, and that a few days later he went to a collateral loan office in Boston and found the watch he had lost, which a clerk in the office testified that the defendant had pawned there on September 14. *Held,* that there was evidence that the watch, chain, and charm had been stolen, and that the defendant was the thief.

INDICTMENT for the larceny of a watch, chain, and charm, alleged to be the property of Preston O. Sweet.

At the trial in the Superior Court, before *Lilley*, J., there was evidence tending to show that the name of the owner of the property was O. Preston Sweet, but that he was also known as Preston O. Sweet, and that he was as well known by the name of Preston O. Sweet as by the name of O. Preston Sweet.

Sweet testified that on September 12, 1891, while he was in the Boston and Albany Railroad station in Boston, he was jostled or pushed against, and immediately afterward discovered that his watch, which had been in his vest pocket and fastened by a chain, was gone, together with the chain and a charm suspended from it; that he did not know who jostled him or took his watch; that ten days later, in consequence of information which he had received, he went to the Collateral Loan Office in Boston, and there found his watch. One Barnes, a clerk in the loan office, testified, that on September 14, 1891, the defendant brought a gold watch to that office to pawn, and this watch was identified by Sweet as the one he had lost.

The defendant requested the judge to rule, 1st, that, by reason of the failure of the government to prove the name of the owner

of the property as laid, there was a variance, and the defendant should be acquitted; and 2dly, that there was no evidence on which the jury could convict the defendant.

The judge declined so to rule, and submitted the case to the jury, who returned a verdict of guilty; and the defendant alleged exceptions.

*C. P. Sullivan & J. M. Sullivan*, for the defendant.

*M. J. Sughrue*, Second Assistant District Attorney, for the Commonwealth.

FIELD, C. J. There was evidence that the owner of the property described as stolen was " as well known by the name of Preston O. Sweet as by the name of O. Preston Sweet." The court could not therefore rule, as matter of law, that there was a variance. *Commonwealth* v. *O'Hearn*, 132 Mass. 553. *Commonwealth* v. *Gormley*, 133 Mass. 580. *Commonwealth* v. *Caponi*, 155 Mass. 534. *Commonwealth* v. *Gould*, 158 Mass. 499. There was evidence for the jury that the watch, chain, and charm had been stolen, and that the defendant was the thief. *Commonwealth* v. *Deegan*, 138 Mass. 182.

*Exceptions overruled.*