FRANCES C. MARTIN, administratrix, *vs.* EVERETT M. BOWKER.

Suffolk.     March 8, 1895. — May 22, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Use of Name in Business — " Successor " — Statute.*

The provisions of Pub. Sts. c. 76, § 6, forbidding any person to " assume or continue to use in his business the name of a person formerly connected with him in partnership or the name of any other person " without written consent do not apply to advertising one's self as "formerly with " or "successor to " another.

If a business originally carried on by A., and afterwards by A. and his son B. under the name of " A. & Son," is purchased by B. and carried on by him under the same name until his death, and is given by him by will including the goodwill and other assets to his wife, and by her sold to C., with the right so far as she has the power to give it to use the name and description " C., successor to A. & Son," C. is a " successor," and a bill in equity by the administrator of A. will not lie to enjoin him from using the name and description.

HOLMES, J.     This is a bill brought by the administratrix of the estate of Henry A. Martin, seeking to enjoin the defendant from using the name of Henry A. Martin in connection with the business of producing and selling animal vaccine virus. The only use of the name which the defendant has made or threat-

ened to make is to describe himself as "Dr. Everett M. Bowker, successor to Dr. Henry A. Martin and Son."

The plaintiff relies chiefly on Pub. Sts. c. 76, § 6, forbidding any person to "assume or continue to use in his business the name of a person formerly connected with him in partnership or the name of any other person" without written consent. But we are of opinion that the statute does not apply to advertising one's self as "formerly with" or "successor to" another. The word "assume" in the statute means use for the first time, in the same way that is contemplated in the other branch, "continue to use in his business"; the latter plainly means to use as part or all of the partnership name, so as to indicate that the person named is a member of the firm.

Apart from the statute, the plaintiff shows no ground for an injunction. The defendant is a successor to Dr. Henry A. Martin and Son. The history of the business is this. Originally it was carried on by Dr. Henry A. Martin, and afterwards by him and his son, Stephen C. Martin, under the name of Dr. Henry A. Martin and Son. In 1876 the father retired, and the son became sole owner of the business by purchase, and carried it on under the same name until his own death in 1893. By his will he left it, including the good will as well as the apparatus and other assets, to his wife after a life estate which has dropped. The wife sold it to the defendant, and so far as she had power gave him the right to use the style and description complained of. Taking the strictest view of what is necessary to make a successor, there is no doubt that the defendant is one, and this being so he has a right to advertise the fact to the world. *Emerson* v. *Badger*, 101 Mass. 82, 86, 87. *Knoedler* v. *Boussod*, 47 Fed. Rep. 465, 466. *S. C. sub nom. Knoedler* v. *Glaenzer*, 55 Fed. Rep. 895, 897. *Churton* v. *Douglas*, H. R. V. Johns. 174, 190. See *Hookham* v. *Pottage*, L. R. 8 Ch. 91.

*Bill dismissed.*

*L. D. Brandeis*, (*F. H. Williams* with him,) for the defendant.
*T. C. Batchelder*, for the plaintiff.