### COMMONWEALTH *vs.* JAMES LAVERY.

Suffolk.    March 20, 1905. — April 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Common Victualler.    License.    Words,* "Assume", "Presume."

On the trial of a complaint under R. L. c. 102, § 1, for assuming to be a common victualler without being licensed, if it appears that the defendant caused a license to be procured in the name of another person and assuming to act under such license carried on a restaurant for his own profit and not as agent or servant of the licensee, he can be found to be guilty under the statute, although he honestly believed that he had a right to conduct the business in this way, an intention to violate the law not being necessary to the commission of the offence.

BRALEY, J. This is a complaint under the R. L. c. 102, § 1, charging the defendant with assuming to be a common victualler without first obtaining a license as required by other provisions of this chapter. At the trial in the Superior Court the jury returned a verdict of guilty, and the case is before us on his' exceptions to the refusal of the court to rule as requested, and to the instructions given to the jury.

The lodging and entertainment of strangers and travellers for gain, or the keeping of a place where they may purchase food, are carefully regulated by statute, which makes it unlawful for any one to engage in these employments without first obtaining a license.

In any case the licensing board is given discretionary power to grant or refuse an application made for this purpose, and the requirements that the license shall specify the place by a sufficient description, that the premises shall be provided with suitable facilities, and that when the licensee ceases to exercise his employment or fails to maintain his establishment properly his license shall be revoked, clearly contemplates a careful selection of the person to whom such a privilege is granted. It thus becomes personal in its nature, and is not capable of being transferred by the licensee, nor does the license furnish immunity from prosecution to another who seeks to avail himself of its benefit as if it had been originally granted to him. R. L. c. 102, §§ 1, 2, 3, 5, 6 and 9.

The provision found in § 1 is a re-enactment of the law as it appears in the Gen. Sts. c. 88, § 1, and the Pub. Sts. c. 102, § 1, with the exception that the word " assume " is substituted for " presume," used in these revisions.

Whatever difference there may be in the meaning of the words when contrasted with their etymological origin shown by lexicographers, they have acquired by long usage a synonymous definition when used in this connection in our statutes. See also St. 1786, c. 68, § 1; Rev. Sts. c. 47, § 1.

Whoever assumes to be a common victualler without a license may be said to take the position of falsely representing himself as lawfully engaged in such occupation, while if he appears by his conduct to be so employed, he thereby indicates to the public generally that it may be presumed that he is carrying on

the business thus indicated. *Commonwealth* v. *Wetherbee*, 101 Mass. 214. *Martin* v. *Bowker*, 163 Mass. 461, 462.

The evidence undoubtedly showed that the license in the present case had been issued in the name of one Miller, covering the premises where it was contended that the defendant conducted a restaurant, and if the defendant was employed by Miller as his servant or agent, he would not be assuming to act as owner nor guilty of a violation of the statute.

But there was undisputed testimony that the defendant paid the rent, hired the help, and supplied and paid for the provisions used, while this was supplemented by admissions made by him that he was the owner of the " lunch room ", and was conducting it for his own benefit.

It further appeared that being financially embarrassed he had endeavored to make a settlement with his creditors, and to prevent attachments by them had made deposits of money in a savings bank in the name of his sister, and it was contended by the government that the license was taken and the business ostensibly carried on in the name of Miller for a similar reason.

The defendant, who was a witness in his own behalf, though contending that he was the manager while Miller was the proprietor, stated that at the time alleged in the complaint he had sole charge and a considerable interest in the business, which he believed was lawfully being conducted under the license.

It thus became an issue of fact whether he was acting in any capacity under Miller as a principal, or whether he was engaged in the enterprise for himself. *Commonwealth* v. *Williams*, 161 Mass. 442, 443. *Commonwealth* v. *Woods*, 165 Mass. 145.

In full and clear instructions the jury were told correctly that if they believed the defendant was not the proprietor and only acted in a subordinate capacity, he should be acquitted, but if they found he was actually engaged in carrying on the place for his own profit, then the license would not protect him, and he would be guilty of the offence charged.

But the defendant urges that these instructions were erroneous, and the jury should have been further instructed, in accordance with his requests, that a criminal intent must be proved, and if they found he honestly believed that he had a right to conduct business in this way he was innocent.

This position is not well taken. Under laws passed in the exercise of the police power, amongst which this statute must be classed, acts which before their passage may have been innocent and lawful can be made criminal, while violations of such enactments become punishable without proof of a wicked purpose or evil intention on the part of the wrongdoer. *Calder* v. *Kurby,* 5 Gray, 597, 598. *Commonwealth* v. *Plaisted,* 148 Mass. 375, 382, 383. *Commonwealth* v. *Packard,* 185 Mass. 64, 67. *Commonwealth* v. *Julius,* 143 Mass. 132. *Commonwealth* v. *Daly,* 148 Mass. 428. R. L. c. 218, § 29.

*Exceptions overruled.*

*H. S. Dewey,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth, submitted a brief.