JOSEPH K. YOUNG, assignee of EDWARD E. MORRISON, *vs.* WILLIAM CLARKE JEWELL & another.

Suffolk.　January 26, 1909. — March 2, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Poor Debtor. Name. Notice.*

A notice under R. L. c. 168, § 33, issued at the request of a defendant arrested in a civil action and released on recognizance, and given to the plaintiff before the return day of the writ, in which the defendant is named as William Clarke Jewell, that "Clarke Jewell, defendant," desires to take the oath for the relief of poor debtors, is a good notice although the defendant's name is William Clarke Jewell, if the defendant frequently is called Clarke Jewell and "is accustomed to give an answer to that name."

Where a person is known by two names, either of them can be used in legal proceedings to which he is a party. It is not necessary that he should be known equally well by both names.

Where a recognizance by a defendant arrested in a civil action is upon the condition "that the defendant named in said writ" will within fourteen days deliver himself up for examination before a magistrate, giving notice of the time and place thereof to the creditor, as provided in R. L. c. 168, if the writ has been returned into court and in it the defendant is named as William Clarke Jewell, which is his true name, whether a notice under R. L. c. 168, § 33, issued at the request of the defendant, that "Clarke Jewell, defendant," desires to take the oath for the relief of poor debtors, Clarke Jewell being a name by which the defendant also is known, would be a good notice, here was not considered, because the notice was given before the return day of the writ and when the writ was presumed to be in the hands of the officer.

LORING, J.　On April 28, 1906, one William Clarke Jewell was arrested in a civil action under a writ returnable on May 12, 1906.　On the day of his arrest he was taken before a master in chancery, and there recognized, with the defendant in the action now before us as surety, for his appearance in court within fourteen days.　On May 2 notice was given to " Edward

E. Morrison, plaintiff," that " Clarke Jewell, defendant," desired to take the oaths of not intending to leave the State and for the relief of poor debtors, on May 4, 1906. This was duly served. William Clarke Jewell attended before the magistrate, but neither Morrison nor his attorney appeared. This action was then brought for breach of the recognizance, on the ground that the notice given was not duly given under R. L. c. 168, §§ 30, 33. The case was submitted to the Superior Court on agreed facts. It is stated in the agreed facts that " The said William Clarke Jewell is frequently called ' Clarke Jewell ' and he is accustomed to give an answer to that name." An order of judgment for the defendant was made in the Superior Court, from which the appeal now before us was taken.

We are of opinion that the notice given was a good notice within R. L. c. 168, §§ 30, 33. Where a person is in fact known by two names, either one can be used. This principle has been applied in about every connection. *Commonwealth* v. *Gale*, 11 Gray, 320. *Gifford* v. *Rockett*, 121 Mass. 431. *Commonwealth* v. *Trainor*, 123 Mass. 414. *Commonwealth* v. *O'Hearn*, 132 Mass. 553. *Commonwealth* v. *Gormley*, 133 Mass. 580. *Gillespie* v. *Rogers*, 146 Mass. 610. *Commonwealth* v. *Seeley*, 167 Mass. 163. *Lancy* v. *Snow*, 180 Mass. 411. *Kendrick* v. *Kendrick*, 188 Mass. 550.

It is said in many of the earlier cases that the person in question must be known by one name as well as by the other. That means that he must be known by both names, not that he must be equally well known by both names. *Kendrick* v. *Kendrick*, 188 Mass. 550.

The occasion of Jewell's giving the notice as " Clarke Jewell " in place of " William Clarke Jewell," as he was named in the writ on which he was arrested, was this. The notice was given before the return day of the writ. That is to say, when the writ was presumably in the hands of the officer. At any rate, Jewell's attorney applied to the magistrate who took his recognizance for the name of the plaintiff. It is stated in the agreed facts that: " The memoranda made by the master in his own private books of record, when taking said recognizance, were in the name of Clarke Jewell. The said recognizance was upon condition that the defendant named in said writ would within

fourteen days deliver himself up for examination before a police, district, or municipal court, or trial justice, giving notice of the time and place thereof to the creditor, as provided in chapter 168 of the Revised Laws." It is not necessary to consider whether the defendant could have used his other name if the service of the writ had been completed by returning into court the writ in which he was sued as William Clarke Jewell.

*Judgment affirmed..*

The case was submitted on briefs.

*W. H. Thorpe,* for the plaintiff.

*H. F. Butler & J. S. Sullivan,* for the defendant.

