THOMAS A. KELLY & another, administrators *de bonis non* with the will annexed, *vs.* JAMES M. MORRISON.

Suffolk. November 17, 1919. — January 7, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Equity Pleading and Practice*, Appeal, Petition for contempt.

*Whether* an appeal lies from a decree dismissing a petition that the defendant in a suit in equity be adjudged in contempt, it here was unnecessary to decide, it appearing that, upon the merits, the petition was dismissed rightly.

By a final decree in a suit in equity the defendant was perpetually enjoined "from the use of the name Thomas Kelly in connection with his business except as it shall be used to indicate his succession to the business of Thomas Kelly, and Company." Thereafter he carried on business under a name arranged as follows: On one line the words, "Thomas Kelly & Co.'s Successor" and on a line directly beneath, in lettering of the same size and description, his own name. *Held*, that there was no violation of the injunction.

BILL IN EQUITY, filed in the Superior Court on May 6, 1918, by the administrators *de bonis non* with the will annexed of the estate of Thomas Kelly, late of Boston, against one who was a partner of the plaintiffs' testator at the time of his death, praying that the defendant be restrained from using in his business the name of the plaintiffs' testator, and for an accounting.

The suit previously was before this court when, in accordance with a decision reported in 231 Mass. 574, a final decree was entered in the Superior Court "that a writ of injunction be issued perpetually restraining the defendant James M. Morrison from the use of the name Thomas Kelly in connection with his business

except as it shall be used to indicate his succession to the business of Thomas Kelly, and Company."

Thereafter the defendant carried on business under a name, arranged and lettered as follows:

THOMAS  KELLY  &  CO.'S  SUCCESSOR
JAMES  M.  MORRISON

The plaintiffs filed a petition that the defendant be adjudged in contempt of court. The petition was heard by *Fox*, J., who filed the following memorandum:

"The counsel agree that the respondent, James M. Morrison, is carrying on business under a name printed as shown . . . [above] . . . and submit the question whether this is a violation of the injunction. I find that it is not, and therefore order the petition for contempt to be dismissed."

The plaintiffs appealed "from the order . . . dismissing their petition for contempt."

*J. F. Sullivan*, for the plaintiffs, submitted a brief.

*G. R. Nutter*, for the defendant.

JENNEY, J. It is unnecessary to decide whether an appeal lies from a decree dismissing a petition for attachment for contempt, because there was no error in the action of the Superior Court, even if the question raised by the appeal is before us properly. See *Newton Rubber Works* v. *De Las Casas*, 198 Mass. 156; *De-Ferrari* v. *DeFerrari*, 220 Mass. 38; *White* v. *White*, 233 Mass. 39.

After the decision of this case reported in 231 Mass. 574, a final decree was entered "perpetually restraining the defendant . . . from the use of the name Thomas Kelly in connection with his business except as it shall be used to indicate his succession to the business of Thomas Kelly, and Company."

Subsequent to the entry of this decree, the defendant carried on business under the following designation: "Thomas Kelly & Co.'s Successor James M. Morrison," the manner of arrangement and style of lettering being as indicated above. The plaintiffs petitioned, praying that the defendant be adjudged in contempt for so doing. After hearing, a decree was entered dismissing the petition, and the plaintiffs appealed.

No infringement of the plaintiffs' right is claimed except the bare use of the name in the form given. Such use was not in

violation of the injunction. The plaintiffs concede that if the order of words had been reversed, the defendant would have been within his rights. *Martin* v. *Bowker,* 163 Mass. 461. But the mere sequence of words cannot affect the result. It does not appear that the words designating succession were so placed or exhibited as to be likely to deceive or mislead, or that any one was in fact deceived or misled thereby. The word "successor" was on the same line as, and equally prominent with, the name as to the use of which the plaintiffs complain. Hence the petition rightly was dismissed.

*Case remanded to the Superior Court.*