*Northern Division*

No. 5152

**ROBERT H. NUELL**
and
**ROBERT C. ARMSTRONG**
v.
**GEORGE J. KEOUGH**
and
**HELEN M. KEOUGH**
and
**KEOUGH'S DUGOUT, INC.**

(September 25, 1961)

*Present:* Northrup, J. (Presiding) & Kelleher, J.

Case tried to *Cherry, J.*, in the District Court of Southern Essex. No. 943 — 1954.

(This opinion has been abridged)

*Kelleher, J.* G. L. (Ter. Ed.) c. 138, §2, provides in part as follows: "No person shall

manufacture, with intent to sell, or expose or keep for sale, store, transport, import or export alcoholic beverages or alcohol except as authorized by this chapter".

G. L. (Ter. Ed.) c. 138, §23, provides in part as follows: "The term licenses and permits, wherever employed as substantive in this chapter, are used in their technical sense of a license or permit, *transferable only as provided in this chapter."*

In this case the contract was in effect a lease for a term of two years by the individual defendants to the plaintiff and one Gallant (who assigned her interest to the plaintiff with the consent of the individual defendants) of real estate in Saugus, *and of a liquor license issued to the defendant, Keough's Dugout, Inc.* which was not a party to the written contract. The contract contained an option for the benefit of the lessees to purchase the real estate and all of the capital stock in Keough's Dugout, Inc. the stock being owned or controlled by the individual defendants. In order to exercise the option certain requirements had to be met regarding notice, and a certain sum to be paid, and other requirements relative to the application of the rent.

The contract in this case was tainted with illegality. An agreement to permit a liquor license to be used by a third person is illegal. *C. v. Lavery,* 188 Mass. 13, 14.

In the case of *Kennedy v. Welch,* 196 Mass. 592 the court said:

"The purchaser of a business of bottling intoxicat-

ing liquors was especially induced to buy it by an agreement of the vendor that he should have the privilege of selling such liquor on the premises under a fifth class license granted to the vendor in accordance with the Public Statutes. The use of such privilege by anyone other than the licensee to whom it had been granted was illegal".

The essence of the contract was to rent a liquor license and to rent or sell real estate as a complete transaction. This agreement is illegal unless there is compliance with G. L. c. 138.

This contract was entire and indivisible; it was a contract for a single consideration. There was no separate consideration.

A contract for a single consideration is wholly void if that single consideration is paid in part for an illegal act. *C. v. Lavery,* 188 Mass. 13; *Kennedy v. Welch,* 196 Mass. 592, 594.

In the case of *Boylston Bottling Co. v. O'Neil,* 231 Mass. 498, the Court said

"A contract to pay a man $60. a week for delivering beer sold in part in Boston where such sale was lawful, and sold in part in Brookline, where such sale was unlawful, is wholly void, a single consideration being paid for the lawful and the unlawful services". "It is established that a party to an illegal contract will be left by the law where the law finds him."

It is also established that a contract for a single consideration is wholly void if that

single consideration is paid in part for an illegal act.

The plaintiffs, in accordance with the agreement operated the business under a license issued by the Town of Saugus, which they rented together with the real estate; the corporate organization did not change; the corporation. The option and lease were illegal and contrary to public policy. *Eastman Marble Co. v. Vermont Marble Co.,* 236 Mass. 138, 152-153.

If parties enter such a contract contrary to law or have carried on a lawful undertaking through illegal means, the law will leave the parties where they have placed themselves.

In the case of *Duane v. Merchants Legal Stamp Co.,* 227 Mass. 466-468-469, the court said:

> "It is elementary law that no court will consciously lend its assistance to the enforcement of an illegal contract or to the promotion of an unlawful adventure. Where parties have entered into an undertaking contrary to law or have carried on a lawful undertaking through illegal means, the law leaves the parties as to the fruits of such an enterprise where the parties leave themselves. It affords to the immediate parties no assistance in untangling the snarls attending upon lawless conduct."

It follows, therefore, that the finding for the plaintiffs is to be vacated and judgment entered for the defendants.

James F. Mulligan of Revere, for the Plaintiffs.
Harry A. Simon of Salem, for the Defendants.