## COMMONWEALTH *vs.* SIDNEY E. PARMENTER & another.

On an indictment for breaking and entering the shop of " W. R., the second of that name,"
proof that the owner of the shop went only by the name of W. R., Junior, is no vari-
ance.

On an indictment for larceny, the admission of evidence that several articles of the stolen
property were found, nearly a year after the theft, in the house of the defendant's father,
where the defendant occasionally lived, some in the room occupied by a brother, who was
jointly indicted with the defendant, and some in other parts of the premises, and a por-
tion of the latter together with property of the defendant; and that articles like some of
those which were stolen were found, after the defendant's arrest, in a room elsewhere oc-
cupied by him at the time of his arrest, and not occupied by any one else since; forms no
ground of exception, if the evidence is submitted to the jury under full and adequate
instructions.

INDICTMENT charging that Sidney E. Parmenter and William
H. Parmenter broke and entered the shop of " William Read,
William Read the second of that name, and John Read," in
Boston, and stole therein several specified articles " of the prop-
erty, goods and chattels of the said William Read, William
Read the younger of that name, and John Read." The superior
court granted separate trials to the defendants.

At the trial of Sidney E. Parmenter in that court, at Novem-
ber term 1868, before *Ames*, C. J., William Read, Senior, testi-

fied that his firm of Read & Company consisted of himself and his sons William Read, Junior, and John Read; and William Read, Junior, testified that he was usually called and known as William Read, Junior, and that he went by that name only, never being called William Read, Second. The defendant requested the court to rule that this variance was fatal to the indictment; but the court refused so to rule.

Certain articles were produced in court, and evidence was admitted tending to show that they were the property of Read & Company, and were taken from their shop in December 1867; that one of the articles had been seen, September 30, 1868, at Marlborough, in the hands of William H. Parmenter, the defendant's brother, who was indicted jointly with him; that others of them had been found in the house of the defendant's father in Marlborough, about October 1, 1868, some in a room occupied by the brother, and some in other parts of the premises; and that the defendant occasionally occupied a room in his father's house (though it did not appear that any of the articles produced had been found in that room); and that a cap belonging to him, and some house paper such as he made use of, were found in a gun case which was identified as having been in the shop of Read & Company, and as having been taken therefrom at the time of the theft.

Evidence was also admitted tending to show that, early in September 1868, the defendant hired rooms in Kingston Street in Boston, and occupied them for about three weeks, and down to the time of his arrest; and that, about a fortnight after his arrest, a game bag and certain cartridges, like articles of that description kept by Read & Company at the time of the theft, were found in his room, there having been no other occupant in the meantime. The defendant objected to the admission of all the above evidence.

"The jury were fully and adequately instructed by the judge as to the proper inferences to be drawn from the possession of property alleged to have been stolen, the necessity of identifying the property beyond reasonable doubt, and of showing actual, voluntary and intentional possession by the defendant, and the

nature, circumstances and exclusiveness of the possession on his part, material to be shown in order to justify the inference of guilt." No objection was made to any part of the instructions to the jury. The defendant was found guilty, and alleged exceptions.

*F. F. Heard*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. The description of William Read, *Junior*, in the indictment, as William Read, *the second of that name*, is sufficient. The terms of the description constitute no part of the name, but are used for the mere purpose of designation and distinction. *Cobb* v. *Lucas*, 15 Pick. 7. *Commonwealth* v. *Beckley*, 3 Met. 330.

The evidence objected to was properly admitted. The charge was, that the defendant broke and entered a certain shop, and stole certain articles therefrom at the same time, jointly with his brother. Both the brothers occupied rooms at their father's house at the same time. The fact that some of the stolen articles were found in the house, a part of them in the room occupied by the brother, and a part mingled with the defendant's property, had some tendency to prove the defendant's guilt. The fact also that some of the property was found in the defendant's room on Kingston Street, shortly after his arrest, had a similar tendency.

As the jury were fully and adequately instructed in regard to such evidence, there could not have been any danger that the defendant would be found guilty on account of any acts done by his brother in which he did not participate.

*Exceptions overruled.*