COMMONWEALTH *vs.* MICHAEL MCGORTY & another.

By the Gen. Sts. *c.* 172, § 12, proof that property was in the possession of a widow, although forming a part of the unadministered estate of her deceased husband, will support an allegation in an indictment that it was her property.

Under an indictment for burglary, proof is admissible that property stolen from the house was, shortly after the burglary, found in the possession of the prisoner, although the indictment contains no allegation that such property was stolen.

The recent possession, unsatisfactorily accounted for, of property stolen at the commission of a burglary, is presumptive evidence of guilt to be weighed by the jury.

It is within the discretion of the court, at the trial of a criminal case, to permit a government witness to be recalled during the defence, and to then testify upon a point upon which he has before testified.

INDICTMENT under Gen. Sts. *c.* 161, § 11, against Michael McGorty and Dennis Carney, for burglary. The indictment charged the breaking and entering of the dwelling-house of Margaret Finnegan, and the stealing of certain described property of Margaret Finnegan, and of certain other described property of Abby C. Horgan.

At the trial in the Superior Court, before *Dewey*, J., it appeared that Mrs. Finnegan was the widow of one John Finnegan, who died some two years before the burglary, leaving a will; that at the time of his death he owned the house; that she had occupied it since; that it and the personal property described as hers belonged to the estate of her husband, but was in her possession.

After evidence had been introduced that the house had been broken and entered, and the property described in the indictment stolen, at some time between midnight and the morning of May 2, Johnson and Deveney, police officers, testified that on the night of May 2, about two o'clock, as they were coming along Gold Street, towards A Street, they noticed a party of three walking down A Street, below Broadway, and that they, the officers, followed them through A Street, across Dorchester Avenue on to Swan Street, the three being in sight all the while, with the exception of a few seconds when they were passing from A Street to the corner of Swan Street. The party then walked along Swan Street to Dover Street. When they came near the

draw of the bridge, the officers went up to and stopped them. One of the party was Carney, who had a box of cigars under his arm, which he attempted to throw overboard. Another was McGorty. The third was unknown. When arrested, this third person broke away from the officer, and made his escape. Johnson carried McGorty to the station-house, and Deveney carried Carney there. The officers testified that at that time they knew nothing of the burglary.

The defendants contended that the evidence did not sustain the allegations of the indictment as to the ownership of the house and of the property described as the property of Margaret Finnegan ; but the court ruled that there was no variance.

The box of cigars was not mentioned in the indictment, and the defendants objected to any evidence in regard to it. But as it had been identified as having been in the house on the night of the burglary, the court admitted the testimony as evidence to connect the defendants with the breaking and entering.

When Johnson arrived with McGorty at the station-house, he searched him, and in one of his pockets were found handkerchiefs which were described in the indictment  The prisoner, according to the testimony of Johnson, said, in answer to a question, that he had bought them for eighty-five cents of the man ·who had escaped. Deveney testified that the conversation held by Johnson with McGorty was to this effect : Johnson asked him, " Where did you get them ? " He answered, " I bought them of a man at the corner of Second and A streets." Johnson asked, "·When did you buy them ? " The prisoner declined answering. Johnson then asked : " Did you buy them within an hour ? " The prisoner refused to answer. McGorty testified he merely told the officer that he had just bought them for eighty-five cents at the corner of A and Second streets of the man who ran away ; and he also testified that he bought them without any examination of their value or number. Both prisoners denied knowing the man who escaped.

Johnson was recalled by the government during the introduction of the evidence for the defence, and the District Attorney questioned him in regard to the above conversation. This was

objected to on the ground that the government's case had been closed, and that Johnson had already testified upon that point. The court permitted the government to go into the inquiry. Johnson further testified that McGorty, at the time of his arrest, said that he did not know Carney or the man who ran. This was objected to as immaterial and as offered out of time, but it was admitted. The defendants testified, one that he had bought the box of cigars for fifty cents, and the other that he had bought the handkerchiefs for eighty-five cents, just before their arrest, and that at the time of the purchase of the handkerchiefs no examination of them was made ; and each of them said they had no more money than was paid for these articles.

The defendants requested the court to instruct the jury as follows : " There is no legal presumption of guilt in this case, either as to the breaking and entering, or as to the alleged larceny either of the articles found with McGorty or with Carney, or still less as to other articles, and other imported crimes than the mere stealing, from the exclusive possession of these handkerchiefs or cigars, although the jury believed them to have been received. Possession of these articles found with McGorty or Carney is not presumptive evidence, or to be considered as any evidence, of the burglary. There is no legal presumption of guilt from the exclusive possession of property recently stolen. At the worst, if the possession stands alone, wholly unconnected with any other circumstances, its value or persuasive power is very slight. This rule must be applied with caution and discrimination, for the bare possession of stolen property, though recent, is sometimes fallacious and dangerous as a criterion of guilt. If the party gives a reasonable and probable account of the way in which he became possessed of the property, then, in order to raise any presumption of guilt, it is incumbent on the prosecutor to show that such account is false." But the court instructed the jury that it was necessary the government should prove and satisfy the jury, beyond a reasonable doubt, of all the material allegations in the indictment, which were stated in detail by the court, and that all the presumptions of law were in favor of the innocence of the defendants.

Commonwealth *v.* McGorty.

The court further instructed, among other matters, as follows " Possession of stolen property immediately after it has been stolen, if an unsatisfactory account is given as to its possession affords presumptive evidence of guilt ; the presumption is not conclusive, but is to be dealt with by the jury alone as a mere inference of fact. If the larceny was effected by a breaking and entering, and immediately after the breaking and entering, the property stolen is found in possession of persons who give improbable and unsatisfactory accounts of how they came in possession of it, the possession affords presumptive evidence of their guilt. It is not conclusive, but is a matter for the consideration of the jury. The circumstances under which the defendants are found in possession of the property, the time, the place, their conduct, their account of it, are all matters for your consideration."

The jury returned a verdict of guilty, and the defendants excepted.

*G. W. Searle & John W. Mahan,* for the defendants.

*C. R. Train,* Attorney General, for the Commonwealth.

WELLS, J. The proof sufficiently supported the allegation of ownership of the dwelling-house, and of the personal property stolen. There was no variance. Gen. Sts. *c.* 172, § 12.

Possession of the box of cigars, under the circumstances testified to, gave rise to the presumption that Carney was the person who had taken it from the house of Mrs. Finnegan. The inference, then, that he was connected with the burglary and with the larceny of the other articles, taken at or about the same time, was just as natural, obvious, and legitimate as if the box of cigars had been enumerated with the other property in the indictment. *Commonwealth* v. *Riggs,* 14 Gray, 376.

The instructions that possession of stolen property immediately after the theft, if an unsatisfactory account of it is given " affords presumptive evidence of guilt," was right; and the whole matter of the degree of force the presumption ought to bear in the particular case was submitted to the jury, as a question of fact, in a manner which leaves no ground for exception.

If the defendants gave a reasonable account of their possession, the general burden of proof upon the government might require some evidence to show that account to have been false. But the jury might find the explanation of the defendants so improbable, unsatisfactory or unreasonable, upon its face, as to require no affirmative proof of its falsity. Any evidence which tended to show that the defendants were guilty of the theft, tended also to show that they were guilty of the burglary by means of which the theft was effected.

The recalling of a government witness, during the progress of the defense, was a matter within the discretion of the court in directing the course of the trial. *Commonwealth* v. *Ricketson*, 5 Met. 412, 429. *Commonwealth* v. *Moulton*, 4 Gray, 39. *Commonwealth* v. *Arrance*, 5 Allen, 517. *Exceptions overruled.*