COMMONWEALTH *vs.* STEPHEN P. RANDALL.

Essex.   Nov. 3. — 15, 1875.   WELLS, COLT & MORTON, JJ., absent.

On the trial of an indictment for larceny of railroad tickets, the property of a railroad corporation, the government introduced evidence that five packages of tickets, containing one hundred each, belonging to the railroad corporation, and numbered in regular succession from 1 to 500, were placed in the hands of its ticket-agent; that soon after one of these packages, containing tickets numbered from 200 to 300, was found to be missing, and that two tickets identical in appearance and general description with those contained in the missing package, and numbered as they should have been if contained in that package, were found in the possession of the defendant. There was also evidence that the defendant said that he bought those tickets of the ticket-agent, who denied this. *Held,* that on this evidence the jury were warranted in returning a verdict of guilty.

INDICTMENT on the Gen. Sts. *c.* 161, § 18, charging that the defendant on November 12, 1874, at Rockport, in the County of Essex, " one hundred railroad tickets, of the value of one dollar each ticket, thirty other railroad tickets, of the value of seventy cents each ticket, of the goods and chattels of the Eastern Railroad Company, a corporation duly established by law in said Commonwealth, then and there in the possession of said corporation being found in the building of said corporation in said Rockport, then and there feloniously did steal, take and carry away, in the building aforesaid, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

Trial in the Superior Court before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows :

There was evidence on the part of the government tending to show that two Rockport and Gloucester tickets, numbered 276 and 283, were traced to the possession of the defendant.

Howard A. Saville, ticket agent of the Eastern Railroad Company at Rockport, testified as follows : " On September 29, 1874, I received from the Eastern Railroad Company, five packages of Rockport and Gloucester tickets, done up in a paper bundle. The tickets differed from any I had before received from the company. I opened the bundle, took out the packages, and looked to see if there were five packages. Each package was bound with a string, and the tickets were numbered as far as I saw. I looked at the number of the first and last tickets of each

package. The numbers of the first and last tickets of the first package were 0 and 99, of the second package 100 and 199, of the third 200 and 299, of the fourth 300 and 399, and of the fifth 400 and 499. I commenced selling from the first package of tickets, and had sold seven tickets at the time the third package was missing. I afterwards sold to No. 114, and noticed no irregularity in the numbers. On October 5 one of the packages, of which the first ticket was marked 200 and the last 299, was missing. The only way I knew what tickets were in the package was by examining the first and last tickets. I did not look at the intermediate numbers in any package, excepting the first package."

There was evidence tending to prove that all the tickets in the bundle were of the same color and general description, excepting the numbers. There was also evidence that the defendant said that he bought the tickets marked 276 and 283 of Howard A. Saville, the ticket agent, who denied this. It was conceded on the part of the defence that if a package of tickets was taken, it was the property of the Eastern Railroad Company.

Upon this testimony the defendant requested the judge to rule that there was no evidence from which the jury could find that the tickets found in the possession of the defendant were the property of the Eastern Railroad Company, or that they were in the package alleged to have been stolen. The judge declined so to rule, and gave instructions upon this point to which no objection was taken, unless the ruling requested by the defendant should have been made.

The defendant was found guilty; and alleged exceptions to the refusal of the judge to rule as requested.

*H. B. Moulton,* (*J. T. Mahoney* with him,) for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

Ames, J. The evidence at least tended to show that five packages of tickets, containing one hundred each, belonging to the Eastern Railroad Company, and numbered in regular succession as far as No. 500, were placed in the hands of their agent Saville; that shortly afterwards one of these packages, containing tickets numbered from 200 to 300, was found to be missing; and that two tickets, identical in appearance and general description with those contained in the missing package, and numbered

as they should have been if contained in that package, were found in the possession of the defendant. This evidence was supplemented by proof that the defendant said that he bought those two tickets of Saville, an explanation which Saville distinctly declared to be false. It might therefore have been presented to the jury as a case of recent possession of property, like in kind to that which had escaped from the hands of the true owner, and where no sufficient explanation was given by the defendant. We cannot doubt that upon such evidence a verdict of guilty might lawfully have been rendered.

*Exceptions overruled.*