### COMMONWEALTH *vs.* THOMAS DEEGAN.

Bristol.   Oct. 28. — Nov. 26, 1884.   C. ALLEN & COLBURN, JJ., absent.

If pigeons are stolen from the house in which they were confined by the owner, and are found in the possession of a person who bought them of another about two weeks after the larceny, the latter may be convicted of such larceny, if his possession of the pigeons is not satisfactorily explained.

INDICTMENT in two counts. The first count alleged that the defendant, at Fall River, on April 7, 1884, in the night-time of said day, a certain building, to wit, the pigeon-house of Antoine Benard there situate, did break and enter, with intent to commit the crime of larcency therein, and, being so entered, five pigeons, each of the value of two dollars, of the goods and chattels of said Antoine Benard, then and there in the building aforesaid being found, feloniously did take, steal, and carry away, in the building aforesaid.

The second count alleged a similar offence, on April, 15, 1884, as to fifteen pigeons, the property of Samuel Watson.

Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows :

The evidence for the government tended to prove the following facts. The pigeons described in the first count of the indictment were the property of Antoine Benard, and were, at noon on April 7, 1884, confined in a pigeon-house in Benard's garden, and in his care and custody. This was the last time he saw them until they were recovered by the police. On the morning of April 8, he went to the pigeon-house, and found a board raised from the roof of the pigeon-house, and the pigeons gone. The board had been nailed on as a part of the roof, and the nails were pulled out. On April 29 the pigeons were found in the possession of James Tuesdale, who bought and received them from the defendant on April 20. The defendant told the officer arresting him, that the pigeons flew into his coop on April 24 or 25.

The pigeons described in the second count of the indictment were the property of Samuel Watson, and were, on the evening of April 14, confined in a pigeon-house, which. was locked, in the yard of Watson, and in his care and custody. On the morning of April 15, he went to the pigeon-house, and it was secured and in the same condition as he had left it the night before, but the pigeons were gone. On April 29 the pigeons were found in the possession of John Lasselle, who testified that he bought and received them from the defendant about two weeks before, but was not quite sure of the date. The defendant told the arresting officer that he caught the pigeons on April 24. There was found in the possession of the defendant a bunch of keys containing a large number of keys of various patterns, one of which fitted the lock in the door of the pigeon-house ; and the defendant explained their possession by telling the officer that he received them from John Murphy, who, when asked by the officer if he gave the keys to the defendant, said that he did.

The defendant asked the judge to rule that there was no evidence to be submitted to the jury; that the possession of the pigeons by the defendant was not evidence that they were stolen, or stolen by him; and that the possession by the defendant was

not sufficiently recent to justify the application of the rule as to the recent possession of stolen property.

The judge declined so to rule, but instructed the jury as to the effect of the recent possession by the defendant of the property, if stolen, said possession not being satisfactorily accounted for, as *prima facie* evidence of guilt, in a manner not excepted to, except as it was inconsistent with the said prayers of the defendant.

On the first count, the jury returned a verdict of guilty of larceny; and, on the second count, of guilty. The defendant alleged exceptions.

*J. W. Cummings*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

FIELD, J.   There was evidence under each count, that the pigeons had been stolen by some person, and the possession by the defendant was sufficiently recent to be evidence that he was the person who stole them, unless it was satisfactorily explained. The whole ruling asked for ought not, therefore, to have been given.

The defendant now insists that recent possession by the defendant is not evidence of the larceny, but only evidence that, if the larceny is otherwise proved, the defendant is the person who committed it.   But this was not submitted to the court as a distinct proposition, and the court seems to have ruled in accordance with this view of the law, because it instructed the jury " as to the effect of the recent possession by the defendant of the property, if stolen, . . . . in a manner not excepted to, except as it was inconsistent with the said prayers of the defendant."                    *Exceptions overruled.*