COMMONWEALTH *vs.* JUDEL FRIEDMAN.

Suffolk.    January 10, 1905. — June 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Criminal,* Venue.  *Larceny.*

On an indictment for larceny by false pretences under R. L. c. 208, § 26, the defendant under R. L. c. 218, § 47, can be prosecuted only in a county in which he has had possession of the property alleged to have been stolen.

INDICTMENT, found and returned on September 12, 1903, in the Superior Court for the county of Suffolk, charging the

defendant with stealing thirty-five barrels of flour at Boston on February 6, 1903, with subsequent specifications alleging that the defendant obtained the flour by false and fraudulent pretences for use in his bakery at Fall River.

The defendant was tried in the Superior Court for the county of Suffolk before *Harris,* J. The jury returned a verdict of guilty; and the defendant alleged exceptions. The second ruling requested by the defendant, his exception to the refusal of which is sustained by the court, is stated in the last paragraph of the opinion. The other exceptions are made immaterial by the decision of the court.

*A. S. Phillips & W. E. Fuller, Jr.,* for the defendant.

*F. H. Chase,* Second Assistant District Attorney, for the Commonwealth.

LATHROP, J. The indictment in each of the two counts charges the offence of larceny under the R. L. c. 208, § 26, and not the distinct offence described in § 61 of the same chapter. Under § 26 the offence may be proved by showing a false pretence, as well as in the other ways specified. Section 61, as amended by the St. of 1902, c. 544, § 29, describes a specific offence, which is the obtaining of goods and chattels " by a false pretence of carrying on business and dealing in the ordinary course of trade."

The only question which we need consider relates to the question of venue. It appears that the flour in question was shipped from the West to Fall River, in Bristol County, and was there received by the defendant. It never was in Suffolk County. It is provided by the R. L. c. 218, § 47: " Larceny, whether at common law or as defined by section twenty-six of chapter two hundred and eight, may be prosecuted and punished in any county in which the defendant had possession of the property which is alleged to have been stolen." The language here is plain, and clearly points out the place where an offence either at common law or under the R. L. c. 208, § 26, is to be punished. The government relies upon the broad language of the R. L. c. 218, § 48. But this applies only to the old form of an indictment for obtaining goods by false pretences, and to the offence described in the R. L. c. 208, § 28, neither of which applies in the present case.

. The second request of the defendant, which was in effect that the defendant could not be punished in Suffolk County if Bristol County was the place where the goods actually came into the possession of the defendant, therefore should have been granted.

*Exceptions sustained.*