COMMONWEALTH *vs.* DAVID KUPERSTEIN & others.

Essex.     November 1, 1910. — November 21, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Receiving Stolen Property.     Concealment of Stolen Property.*

In order to warrant a conviction under R. L. c. 208, § 51, of the crime of receiving stolen property knowing it to have been stolen, it is not necessary to show that the defendant had physical possession of the articles stolen. It is enough to show that the goods were constructively in the defendant's keeping and that he had such control of them as was equivalent to possession. Thus it is sufficient to show that the defendant, knowing that certain cloth had been stolen and was in the possession of his brother in law in the house in which the defendant lived, sought out a purchaser and brought about a sale of the

stolen cloth for which he was paid a commission by both the buyer and the seller.

In order to warrant a conviction under R. L. c. 208, § 51, of the crime of aiding in the concealment of stolen property knowing it to have been stolen, it is not necessary to show that there has been an actual hiding of the stolen property. It is sufficient to show that the defendant aided in so disposing of the property that it would be likely to find its way into the ordinary channels of trade and by being commingled with general merchandise lose its marks of identity.

INDICTMENT, found and returned in the Superior Court in the county of Essex on September 12, 1910, under R. L. c. 208, § 51, against David Kuperstein, David Rosenberg, Sarah Rosenberg, and four others, charging them with buying, receiving and aiding in the concealment of certain stolen cloth belonging to the Arlington Mills, a corporation doing business in Lawrence, knowing it to have been stolen.

In the Superior Court the case was tried before *Schofield*, J. The facts which it was agreed were shown by the evidence are stated in the opinion. The defendant Kuperstein asked the judge to rule that on these facts he could not be convicted. The judge refused to make this ruling, and submitted the case to the jury, who found Kuperstein, as well as the other defendants, guilty. The defendant Kuperstein alleged exceptions.

The case was submitted on briefs.

*L. H. Schwartz & M. A. Cregg*, for the defendant Kuperstein.

*H. C. Attwill*, Assistant District Attorney, for the Commonwealth.

RUGG, J. The defendant was tried upon an indictment which charged him and others with buying, receiving and aiding in the concealment of stolen cloth. The evidence consisted of agreed facts in substance to the effect the defendant, knowing that the cloth had been stolen and was in the possession of his brother in law, one Rosenberg, in the house where the defendant lived, sought out one Marshall, and offered for a commission to send to him a man who had some stolen cloth to sell. Marshall, who in fact was investigating the thefts, said, " Send the man to me and I will buy the cloth and pay you two and one half cents commission on each yard." Subsequently Rosenberg brought the cloth to Marshall and sold it to him, and the defendant received a commission from both Marshall and Rosenberg. The only question presented is whether the defendant's request that

a· verdict be directed in his favor was properly refused. The natural inferences from the agreed circumstances might well convince the ordinary mind beyond a reasonable doubt that the defendant had such control of the goods as was equivalent to possession. It was not necessary to prove that the defendant had a physical and corporal holding of the articles alleged to have been stolen. It was enough if they were constructively in his keeping. It might also have been found that he was assisting in getting the cloth so disposed of that it might find its way into the ordinary channels of trade, and by being commingled with the general merchandise of the country lose its marks of identity as stolen property. This might be effective help in its concealment. In order to constitute the crime of aiding in the concealment of stolen goods, it is not necessary that there be actual hiding, but only such conduct as might render their discovery difficult.

*Exceptions overruled.*