COMMONWEALTH *vs.* BERT O. TAYLOR.

Suffolk.   November 20, 1911. — January 2, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Breaking and Entering.   Larceny.   Evidence,* Circumstantial.

At the trial of an indictment under R. L. c. 208, § 18, for breaking and entering a dwelling house with intent to steal and the larceny therein of three automobile tires, where there is no direct evidence connecting the defendant with the crime charged, if there is evidence that before the discovery of the larceny the defendant was at the owner's house ostensibly as a plumber to remedy a leak in the pipes of a radiator, that afterwards the tires, which were kept in a closed store-room, were missing, and that, within a period of about two weeks thereafter, the defendant had the tires in his possession, sold them under a fictitious name and received the proceeds less a commission of a person whom he employed to effect the sale, and if the defendant offers no evidence to explain or control the facts thus testified to, although it appears that at the time of his arrest he made a statement to a police officer denying the theft and his employment of the person who effected the sale, the facts presented are sufficient, in the absence of any explanation, to sustain the burden of proof which rests on the Commonwealth and to warrant a verdict of guilty.

In order to prove by evidence wholly circumstantial that the crime charged in an indictment was committed by the defendant, it is not necessary to show that the defendant's opportunity to commit the crime was exclusive, where the circumstances, although tending to show an opportunity of others, point to the defendant as the actual offender.

BRALEY, J.   The defendant having been convicted under R. L. c. 208, § 18, of the crime of breaking and entering a dwelling house with intent to steal, and the larceny therein of three automobile tires, contends that the verdict should be set aside for manifest errors at the trial.

It is elementary, that unless the venue was correctly laid the court was without jurisdiction.   *Commonwealth* v. *Quin,* 5 Gray, 478, 480.   But the owner of the tires was a witness, and his evidence, if believed, was sufficient to prove, that the asportation was within the county, and the taking by whomsoever accomplished was felonious.   R. L. c. 218, § 47.   *Commonwealth* v. *Friedman,* 188 Mass. 308.

The government introduced no direct evidence connecting the defendant with the offense, and relied wholly upon proof of cir-

cumstances for a conviction. It appeared that, before the discovery of the larceny, the defendant was at the owner's house ostensibly as a plumber to remedy a leak in the pipes of a radiator, and that afterwards the tires, which were kept in a closed storeroom, were missing. Within a period of about two weeks thereafter he was shown not only to have had them in his possession, but to have sold them under a fictitious name and to have received the proceeds less a commission retained by one Bebeau whom he employed to effect the sale. The defendant, while offering no evidence to control this testimony,* had the benefit of his denial of the theft and of his employment of Bebeau as disclosed in the evidence of the police officer to whom he made the statement at the time of his arrest. The burden of proof undoubtedly rested upon the prosecutor, but, under our decisions, the jury were to determine whether the proof offered was sufficient, in the absence of any explanation, to raise a presumption sufficiently satisfactory to convince them of his guilt as charged in the indictment. *Commonwealth* v. *Millard,* 1 Mass. 6. *Commonwealth* v. *Montgomery,* 11 Met. 534. *Commonwealth* v. *Parmenter,* 101 Mass. 211. *Commonwealth* v. *Bell,* 102 Mass. 163. *Commonwealth* v. *McGorty,* 114 Mass. 299. *Commonwealth* v. *Randall,* 119 Mass. 107. *Commonwealth* v. *Deegan,* 138 Mass. 182. *Commonwealth* v. *Williams,* 161 Mass. 442. See Wigmore on Evidence, § 2513.

If the larceny had been of goods which might have been easily disposed of, there would have been more force in the defendant's contention that his connection with the property was not sufficiently recent to justify the inference of guilt, but the jury properly could say, that automobile tires ordinarily do not pass from hand to hand in common traffic. *Rex* v. *Adams,* 3 C. & P. 600. *Rex* v. *Partridge,* 7 C. & P. 551.

Nor was it necessary to prove that the defendant's opportunity to break in and steal was exclusive. The opportunity to commit a particular crime may be open to all who with knowledge of the chance are disposed to act feloniously, and, while the evidence tended somewhat to show that others might have had access to the storeroom, it also pointed to the defendant as the actual offender.

---

* The defendant offered no evidence.

The rulings and instructions having been in accordance with well settled principles, the exceptions must be overruled.

<em>So ordered.</em>

*J. L. Sheehan,* for the defendant.

*T. D. Lavelle,* Assistant District Attorney, for the Commonwealth, submitted a brief.