COMMONWEALTH *vs.* PETER SALAH.

Suffolk.    November 17, 1925. — November 18, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Larceny.   Practice, Criminal,* Arrest of judgment.

Where, at the trial of an indictment for breaking and entering a building with intent to commit larceny therein and stealing goods therein, there was evidence that the building had been broken into and entered, that personal property had been stolen therefrom, and that some of

the stolen goods shortly after the time of the breaking and entering were in the possession of the defendant, a finding that the defendant was guilty of larceny was warranted.

An indictment in two counts charged the defendant with breaking and entering a building in the night time with intent to commit larceny therein and with stealing goods therefrom, each count referring to a different date. The trial judge charged the jury, without exception by the defendant, that they might bring in as to each count either a verdict of not guilty, a verdict of guilty of the full offence charged, or a verdict of guilty of larceny. On the first count, the jury found the defendant "guilty of larceny"; on the second count they found him "guilty of simple larceny." The defendant moved in arrest of judgment on the ground "that the finding of the jury of larceny is not a lesser offence contained within the greater." The motion was denied. *Held*, that the motion was properly denied.

INDICTMENT, found and returned on March 4, 1925, in two counts charging that on two different dates in the night time the defendant did break and enter a building in Boston with intent to commit larceny therein and did steal certain goods described.

In the Superior Court, the indictment was tried before *Hall*, C.J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor on the ground "that the finding of the jury of larceny is not a lesser offence contained within the greater." The motion was denied. In his charge to the jury, the Chief Justice stated that the jury might, as to each count, bring in any one of three different verdicts: a verdict of not guilty, a verdict of guilty of the offence charged, or a verdict of guilty of larceny. The defendant took no exception to these instructions.

The jury found the defendant "guilty of larceny" on the first count and on the second count found him "guilty of simple larceny." The defendant then moved in arrest of judgment. The motion was denied subject to his exception.

The case was submitted on briefs.

*J. L. Sheehan*, for the defendant.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

BY THE COURT. The defendant was indicted in two counts for breaking and entering a building, in Boston, with

intent to commit larceny and the commission of larceny therein, on two separate dates. There was evidence to support a finding that there had been a breaking and entering of the building described within the meaning of the law, and that personal property had been stolen therefrom on each of the dates alleged. There was also evidence which, if believed, warranted a finding that some of the stolen goods shortly after the times of the breaking and entering and theft were in the possession of the defendant. This was sufficient to warrant a finding of guilty of larceny. *Commonwealth* v. *Parmenter*, 101 Mass. 211. *Commonwealth* v. *McGorty*, 114 Mass. 299. *Commonwealth* v. *Randall*, 119 Mass. 107.

The instruction to the effect that the jury might find the defendant guilty of simple larceny on the counts in the indictment was right. *Commonwealth* v. *Tuck*, 20 Pick. 356, 361. The motion in arrest of judgment was denied rightly. G. L. c. 278, § 34.

*Exceptions overruled.*
*Appeal dismissed.*