COMMONWEALTH *vs.* JOSEPH J. O'HARE.

Middlesex.     January 26, 1926. — February 24, 1926.

Present: RUGG, C.J., BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

*Larceny.*

At the trial of an indictment charging larceny of an automobile, it appeared that the automobile was stolen and that four days after the theft the defendant and a second person offered to sell it to a woman stating that it belonged to the second person. The woman bought it, paying the second person. The second person testified that he bought the automobile from a third person and that the defendant was acting merely as a salesman and was paid $10 for his services. The defendant was found guilty. *Held*, that

(1) The jury, disbelieving the testimony of the second person, might have found the defendant guilty because he was in possession of the stolen automobile;

(2) It was not essential to the finding of guilt of the defendant that the defendant be in sole possession of the stolen automobile.

INDICTMENT, found and returned on April 8, 1925, charging that the defendant and one Edward Byrnes on December 29, 1924, stole an automobile belonging to Julius Hyman.

In the Superior Court, the indictment was tried before *Flynn*, J. Material evidence is described in the opinion. At the close of the evidence, a verdict of not guilty was ordered as to the defendant Byrnes. A motion by the defendant O'Hare for a verdict in his favor was denied, and he was found guilty and alleged exceptions.

*S. A. Dearborn*, for the defendant.

*A. K. Reading*, District Attorney, & *W. L. Bishop*, Assistant District Attorney, for the Commonwealth, submitted a brief.

CARROLL, J. The defendant was convicted of the larceny on December 29, 1924, of an automobile belonging to one Hyman. On January 2, 1925, the defendant, in company with one Carney (who was tried with the defendant and found guilty of larceny of the automobile), came to the home of one Mrs. Madison and offered to sell her the stolen automobile, stating that it belonged to Carney. She bought it and paid for it by two checks payable to Carney. Carney testified that he bought the automobile from one Byrnes, and that the defendant was acting as his salesman and was paid $10 for his services. At the close of the evidence the defendant asked for a directed verdict. This was refused and the defendant excepted.

The jury could have found that the automobile was stolen, and that the defendant was in possession of it; and they could refuse to believe the evidence of Carney. As the stolen automobile was found in the defendant's possession, the jury could find that it was stolen by him, either alone or acting with others, and that he committed the crime. The weight and sufficiency of the evidence were for the jury. It was not essential that the property stolen should have been in the sole possession of the defendant. It was enough if it was in the joint possession of the defendant and Carney. See *Commonwealth* v. *Parmenter*, 101 Mass. 211; *Commonwealth* v. *Kuperstein*, 207 Mass. 25.

*Exceptions overruled.*