COMMONWEALTH *vs.* PHILIP A. GRACE.

SAME *vs.* SAME.

Hampshire.    October 16, 1928. — November 27, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Competency, Relevancy and materiality, Of value, Presumptions and burden of proof. *Practice, Criminal,* Charge to jury.

At the trial of an indictment charging the defendant with breaking and entering a dwelling house in the night time with intent to steal and the larceny of a screw driver of the value of twenty-five cents and fifteen bottles of champagne of the value of more than $100, evidence of the amount or value of property stolen is immaterial; and an exception to the admission of testimony by the owner as to such value must be overruled.

Instructions by the judge, in his charge to the jury at the trial of an indictment, on the subject of circumstantial evidence, in the course of which he stated, "And by the wise men that sit in our Supreme Court it has been said by very eminent judges that circumstantial evidence was the strongest evidence that could be produced as to a

man's conduct," were *held* not to have constituted prejudicial error, where the record disclosed that the judge submitted the case to the jury on all the evidence, both direct and circumstantial.

Instructions by the judge in his charge to the jury at the trial of the indictment above described, in substance that, if personal property of one person is found in the possession of another and the latter offers no explanation as to his possession of it, there is a presumption that he stole it, but that the presumption is one of fact and not of law, were *held* to have been correct.

At the trial of the indictment above described, there was evidence offered by the Commonwealth that when the defendant was arrested he told the officers that he had beer in his automobile; that when they started to make an examination he said, "I'll take it back. It's champagne. I got the stuff in Greenfield . . ."; that "He said he had bought it in Greenfield from a fellow" of a name different from the name of the person who, according to evidence offered by the Commonwealth, was the owner. Tools, found by the jury to have been burglarious, one of them fitting marks on a window and door that had been forced in a dwelling whence the property had been taken, were found under the rear seat of the automobile. The defendant did not testify. The judge, subject to exception by the defendant, asked the jury in his charge, "Does he [the defendant] truthfully explain where he got these liquors?" *Held*, that no error in the charge appeared in the submission of such question to the jury.

In his charge at the trial above described, the judge stated: "Now the evidence in this case is as fresh in your mind as mine and it has been revamped, summed up by the counsel on one side and the other, . . . [the defendant's counsel] . . . speaking for the defendant, and the district attorney speaking for all of us, speaking for the community, speaking for peace and quiet." The defendant excepted to such portion of the charge. *Held*, that such reference was not prejudicial to the defendant.

INDICTMENTS, found and returned on October 19, 1927, and described in the opinion.

In the Superior Court, the indictments were tried together before *Irwin*, J. At the time of the defendant's arrest, the police found in his automobile, besides the champagne referred to in the opinion, and under the rear seat a cutter, a large screw driver, bit stock, three bits, a small screw driver, a crow bar or jimmy, a wire, a nail or bolt cutter, and a hammer. He was charged with illegally transporting liquor and later in the day was charged with the possession of burglar's tools and later with breaking and entering the McCallum home. The Commonwealth introduced evidence to show that the crow bar, found in the car, fitted marks or impressions on a window and door that had been forced in

the McCallum house, and that there were certain marks or impressions on a door that had been forced which might have been made with the screw driver which was missing from that house, which screw driver was never found. Evidence was introduced tending to show that the bottles of champagne found in the car were similar to the bottles of champagne belonging to McCallum.

Other material evidence and exceptions by the defendant are stated in the opinion. The defendant did not take the stand in his own behalf. Material portions of the charge to the jury were as follows:

"The testimony that has been laid before you is largely, as has been argued by the defendant's counsel, a question of circumstantial evidence. If right is sifted and placed, circumstances are strong evidence. For instance, your automobile is gone, you know it, you know its number, and you left it out here in front of the theatre, and you find it in a man's house some five, ten or fifteen miles from here, or the officers do. What is the presumption? How did it come to be in this man's house some fifteen or twenty miles from here? Did he buy it? From whom did he buy it? How long has he had it? What did he pay for it? Can he tell you, can he explain his possession of your automobile? If not, there is a presumption that he stole it. It is a presumption of fact, not a presumption of law. Now isn't that reasonable? That has always been the law for hundreds of years. You go to bed at night, the ground is clear. You wake up in the morning and the ground is covered with snow. What is the inference? Isn't it a human inference that it snowed during the night? And then you say see the prints of humankind passing the door. But who was here during the night you say? Why, how do you know there was anyone here during the night? Why, there is snow that fell during the night and there are foot prints made during the night. Do you have to have any stronger proof than that that there was somebody or something, some live thing on your premises during the night? Who or what made the imprints? Was it a man? You look at the foot prints. You say, no, it was not a man.

Was it a horse? You look at the foot prints. You say, no, it was not the foot prints of a horse. Was it a dog or a sheep? And as you decide from the foot prints what the animal was, whether it was human or otherwise, when you look and decide that it was a horse or a dog or a man, isn't that pretty good evidence that it was a horse or a dog or a man that passed your house during the night?

"Now, those are simply brief illustrations of circumstantial evidence. And by the wise men that sit in our Supreme Court it has been said by very eminent judges that circumstantial evidence was the strongest evidence that could be produced as to a man's conduct. You may find one man, two men, or fifteen or twenty men that would take a false oath, that would misrepresent, but that you cannot get a string of circumstances that will misrepresent, and so it is deemed by a great many that circumstantial evidence is stronger than direct evidence because the circumstances won't lie, whereas the individual may lie. . . .

"Now the evidence in this case is as fresh in your mind as mine and it has been revamped, summed up by the counsel on one side and the other, Mr. Moriarty of Springfield, speaking for the defendant, and the District Attorney speaking for all of us, speaking for the community, speaking for peace and quiet. Is there any question but that these liquors were taken from the home of Mr. McCallum? Is there any question but that they were found in the possession of the defendant? And does the defendant tell you that he got them at Mr. McCallum's or that he got them in Greenfield? Does he truthfully explain where he got these liquors? He is not obliged to tell you. What I mean by that is, he is not required under our law, as no person accused of crime is, required to take the witness stand and tell his story. He is not required to incriminate himself. He has, however, the right to take the platform if he wants to, but nothing is to be construed against him because he didn't take the witness stand. He is, nevertheless, presumed to be innocent and that innocence stands so long and no longer than the jury is satisfied beyond a

reasonable doubt that he is guilty. Give us your verdict."

The defendant was found guilty on both indictments, and alleged exceptions.

The case was submitted on briefs.

*J. B. Ely, T. F. Moriarty, & W. C. Giles,* for the defendants.

*C. Fairhurst,* District Attorney, for the Commonwealth.

CROSBY, J. The defendant was indicted and convicted under G. L. c. 266, § 15, of the crime of breaking and entering in the night time the dwelling house of one George B. McCallum with intent to steal, and the larceny therein of "one screw-driver of the value of twenty-five cents, and fifteen bottles of champagne of the value of more than one hundred dollars," the property of said McCallum. The defendant was also indicted and convicted under G. L. c. 266, § 49, for knowingly having in his possession burglarious implements and intending to use them as such. One exception was saved to the admission of evidence. The others relate to certain instructions given.

1. The owner of the champagne alleged to have been stolen was permitted to testify, subject to the defendant's exception, that its value was between $150 and $180. This exception must be overruled. As the defendant was charged with breaking and entering a dwelling house in the night time with intent to steal, the amount of the property stolen or its value was immaterial. *Commonwealth* v. *Williams,* 2 Cush. 582, 588.

2. In the course of his charge the presiding judge explained to the jury the difference between direct or positive evidence and circumstantial evidence. Circumstantial evidence "is constantly applied in courts of justice, and has been commended by most eminent judges." *Commonwealth* v. *Richmond,* 207 Mass. 240, 246. It is plain from the entire charge that the judge submitted the cases to the jury upon all the evidence, both direct and circumstantial, and that no prejudicial error is shown.

3. The judge instructed the jury in substance that if the personal property of one person is found in the possession of another and the latter offers no explanation as to his possession thereof, there is a presumption that he stole it, but

that the presumption is one of fact and not of law. This instruction was correct. It is settled that the possession of stolen property by one soon after the theft, if no explanation or an unsatisfactory account of it is given, is presumptive evidence of guilt. *Commonwealth* v. *McGorty*, 114 Mass. 299. *Commonwealth* v. *Deegan*, 138 Mass. 182. *Commonwealth* v. *Williams*, 161 Mass. 442. *Commonwealth* v. *Taylor*, 210 Mass. 443, 444.

4. The following question was put to the jury by the judge in the course of his charge: "Does he [the defendant] truthfully explain where he got these liquors?" There was evidence offered by the Commonwealth that when the defendant was arrested he told the officers that he had beer in his car; that when they started to make an examination he said, "I'll take it back. It's champagne. I got the stuff in Greenfield . . . "; that "He said he had bought it in Greenfield from a fellow by the name of Martin." The question was proper for the consideration of the jury upon the issue whether the defendant had offered a reasonable and satisfactory explanation of the presence of the property in his possession. No error in the charge appears in the submission of this question to the jury.

5. The reference in the charge to the duties and obligations resting upon the defendant's counsel and upon the district attorney respectively was not prejudicial to the defendant. It is to be assumed the jury fully understood that the defendant was represented at the trial by his counsel, and that the district attorney represented the Commonwealth solely in his official capacity.

*Exceptions overruled.*